PELLICIER, APELANTE, *v.* FERNÁNDEZ, APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 843.—Resuelto en febrero 14, 1913.

VALIDEZ DE CONTRATOS—DOLO—PRUEBA.—La corte sentenciadora no cometió error en el caso de autos al resolver que no había existido engaño alguno en la celebración del contrato en litigio.

ID.—PRUEBA CONTRADICTORIA—TESTIGOS.—En caso de prueba contradictoria cuando una parte desea que la corte resuelva de manera concreta si la declaración de una parte ha sido o nó estimada por la corte como digna de crédito, debe solicitarlo durante el juicio.

ID.—OTORGAMIENTO DE ESCRITURA—OTORGANTE QUE NO SABE FIRMAR.—Si una persona celebra un contrato verbal con otra sin que exista entre ellos relación alguna de confianza especial, y esta última lo reduce a escrito, y lo firma

la primera sin leerlo, o habiéndole sido leído por otra persona, teniendo ambas partes los mismos medios para enterarse del contenido del contrato escrito, dicha parte queda obligada y sujeta a todas las responsabilidades derivadas de dicho contrato, a falta de fraude, aun cuando sus términos difieran del contrato verbal celebrado, sin que esta regla sea alterada por no saber escribir dicho contratante.

Id.—Ratificación del Contrato—Ofrecimiento de Venta.—Cuando una parte contratante ataca de nulo un contrato, la circunstancia de haber ofrecido en venta la casa objeto de dicho contrato, es admisible como prueba para demostrar la ejecución de actos tendentes a ratificar el contrato atacado.

Id.—Sentencia Ajustada a Derecho—Razonamientos Erróneos.—Si una sentencia está ajustada a derecho, aun cuando sus razonamientos sean erróneos, no por eso debe ser revocada en apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *T. D. Mott, Jr.*

Abogados del apelado: *Sres. Bosch y Soto.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este pleito tiene por objeto anular una escritura de compraventa e hipoteca, cancelar su inscripción en el registro y que se devuelva al demandante la suma de mil ochocientos dólares ($1,800) que fué satisfecha por dicha demandante al demandado como parte del precio de la venta de la finca que se describe en la escritura de traspaso, y sus intereses, así como el pago de las costas, gastos y honorarios de abogado. La demanda fué presentada el día 21 de abril de 1911. Se formuló una excepción previa general que fué declarada sin lugar y posteriormente en 1°. de mayo, el demandado presentó su contestación que contenía admisiones, negaciones, nueva materia de oposición y la contienda quedó trabada.

La vista de este pleito tuvo lugar el día 23 de octubre, y terminada la prueba que fué presentada, el caso quedó sometido mediante los alegatos de ambas partes.

En 15 de noviembre de 1911, la corte de distrito dictó una sentencia en la que, después de exponer las cuestiones preliminares, terminaba como sigue:

"Y la corte, tomando en consideración las alegaciones, pruebas y argumentaciones, declara no haber lugar a la demanda, y, en su

consecuencia, anular las escrituras de venta e hipoteca números 27 y 28, otorgadas en 17 de enero de 1911, ante el notario Don Julio César González, ni a las demás peticiones de la demanda, sin especial condenación de costas.''

El demandante interpuso a su debido tiempo recurso de apelación contra esta sentencia, habiéndose elevado la transcripción de autos a este Tribunal Supremo. Después de numerosas demoras, ocasionadas por varios motivos, se celebró la vista del caso ante este tribunal el día 5 de diciembre último, quedando luego sometido a nuestra consideración, permitiéndose a las partes que presentaran alegatos adicionales, orden que fué cumplida por el apelante.

Las cuestiones esenciales pueden deducirse de las proposiciones contenidas en los respectivos alegatos. El apelante, por conducto de su abogado, señala cinco errores que alega han sido cometidos por la corte inferior al dictar su sentencia. Estos son sustancialmente los siguientes:

''La corte inferior cometió error al no decidir la cuestión de hechos; es decir, al no decidir si había o no mediado engaño en la operación de compraventa de la casa en litigio; en otras palabras, al no decidir si la declaración de la demandante referente a los hechos referidos por ella y constitutivos del supuesto engaño, era verdad o nó.

''2. La corte inferior cometió error en la apreciación jurídica o valor legal de la declaración del abogado de la Torre, testigo del demandado.

''3. La corte inferior cometió error al decidir que la demandante nó tenía derecho en ley a confiar en las manifestaciones positivas que le hiciera el vendedor relativas a la extensión del frente de la casa que le fuese ofrecida en venta y relativas también a la extensión total de la misma.

''4. La corte inferior cometió error al decidir que la escritura, habiéndo sido leída a la demandante y habiéndola oído leer y aceptádola y autorizado a otra persona para que la firmara a su ruego por no saber ella firmar, en tal caso no tiene derecho la demandante para rescindir el contrato y recuperar el precio pagado, aun cuando la descripción de la finca tal como aparece en la escritura fuera distinta a la finca que el vendedor le había enseñado, porque la demandante no utilizó los medios que tenía para conocer la verdad.

"5. La corte inferior incurrió en error al decidir como materia de derecho, que la demandada quedó obligada por la escritura de compraventa una vez que la firmó o autorizó a una persona para que así lo hiciera, aunque hubiese mediado engaño en la descripción de la finca vendida o aunque por la escritura le hubiesen vendido una finca distinta a la que anteriormente le había enseñado el vendedor y ella creía era la finca que compraba y que se describía en la escritura de compraventa.

El apelado, por el contrario, hace referencia a las cuestiones en discusión sustancialmente como sigue:

"1. ¿Ha existido algún dolo o error?

"2. ¿Ha ejecutado la demandante con posterioridad al otorgamiento del contrato de compraventa algún acto que demuestre su conformidad con el mismo, renunciando tácita o implícitamente o prescindiendo de su derecho de acción, con conocimiento de las causas que pudieran anular la misma?

"3. ¿Son suficientes los hechos tal como constan de la demanda para constituir una causa de acción?"

Los dos primeros puntos presentados por cada una de las partes, envuelven cuestiones de hecho y existen virtualmente distintos modos de revisar dichas cuestiones. La primera de las mismas se refiere al engaño o dolo. El apelante alega que la corte sentenciadora no resolvió de modo especial la cuestión relativa al engaño. El apelado solamente presenta la proposición de si se probó o no en el juicio la existencia de algún engaño. La corte, en resumen, resolvió que no existió engaño alguno en la transacción, y de modo incidental y necesariamente consideró que la declaración de la demandante en sentido contrario no era digna de crédito, en vista de la contradicción que hubo en la prueba. Si la demandante esperaba que la corte resolviera este punto de modo más específico, debió haberlo solicitado durante el juicio. Examinando la prueba contradictoria acerca de este particular, no podemos afirmar que la corte inferior cometió error al resolver que no se había demostrado la existencia de dolo alguno de un examen que se haga de la prueba en su totalidad.

La segunda cuestión de hecho hace referencia al ofreci-
miento que hizo la demandante para vender la finca en con-
troversia al testigo de la Torre. No hay duda alguna de que
dicha oferta se hizo, y la apreciación jurídica que se ha dado
a la declaración prestada por el testigo de la Torre, no aparece
de modo claro en los autos. Pero creemos que la corte in-
ferior estuvo justicada al estimarla como una circunstancia
que había de ser tomada en consideración con las demás de-
claraciones, para llegar a la conclusión con respecto a la vera-
cidad o falsedad de las alegaciones esenciales contenidas en
la demanda. Así fué como procedió la corte en la cuestión de
referencia, sin que conste que haya ocurrido otra cosa.

Los demás puntos que han sido presentados envuelven
cuestiones de ley, y el tercero, cuarto y quinto de aquellos
que han sido alegados por el apelante se encuentran compen-
diados en el tercero que fué sugerido por el apelado. No
podemos considerar que la forma en que el apelante hace
referencia a estas cuestiones, esté enteramente justificada por
los autos. La corte sentenciadora no resolvió necesaria-
mente que la demandante no estuviera justificada en dar cré-
dito a las manifestaciones que se alegan fueron hechas por
el demandado, sino que más bien resolvió que dichas mani-
festaciones jamás fueron hechas, siendo las declaraciones de
las partes precisamente contradictorias en cuanto a ese punto
y habiendo la corte dado crédito a la prueba que fué presen-
tada por el demandado.

La cuarta y quinta proposiciones del apelante pueden ser
tomadas en consideración conjuntamente, y las que en efecto
impugnan la doctrina enunciada en el caso de *Hawkins* v.
*Hawkins,* 50 Cal., 558. Esa sentencia es en efecto como sigue:

"Si una persona verifica un contrato con otra sin que exista nin-
guna relación de confianza especial y si dicho contrato se reduce a
escrito por dicha persona y lo firma sin leerlo, cuando los medios de
conocimiento de los términos del escrito pueden ser conocidos igual-
mente por ambas partes, y lo firma sin leerlo o habiéndole sido leído
por alguna otra, la referida persona no puede evitar la responsabili-

dad creada por el contrato escrito, aun cuando los términos difieran del contrato verbal convenido. El hecho de que una persona no sepa escribir no establece diferencia en la regla.''

A nuestro juicio esta proposición en ausencia de fraude enuncia correctamente la regla de ley aplicable a este caso, y por lo que la corte sentenciadora estuvo justificada en considerarla al dictar su sentencia.

Con respecto a la suficiencia de la demanda según esa cuestión ha sido presentada por el apelado, no hay necesidad alguna de que sea resuelta, porque la corte inferior fundó su sentencia en los hechos según aparece de la prueba y en la insuficiencia de la misma para sostener las alegaciones hechas en la demanda. Siendo la resolución de la excepción previa favorable a la demandante, ella desde luego no promueve la cuestión relativa a su corrección en esta corte. Pero no se ha mostrado razón alguna por la que pueda resolverse que la demanda es insuficiente.

La prueba que fué presentada durante el juicio es en casi todos sus puntos esenciales, enteramente contradictoria y de todo punto irreconciliable. La declaración de la demandante sostiene en substancia las alegaciones de su demanda, pero ha sido completamente impugnada por la del demandado y otros varios testigos. No pudiendo la corte sentenciadora harmonizar las declaraciones contradictorias de los diferentes testigos, estaba obligada a aceptar las manifestaciones hechas por aquéllos de una parte y rechazar las otras. Y en el ejercicio de esta discreción dió crédito a la prueba que fué presentada por el demandado.

El juez sentenciador cita en su opinión las siguientes manifestaciones de la prueba que se presentó; a sáber: ''La demandante, Luisa Pellicier, declara que el demandado, así como también Juan Díaz, la llevaron a la casa, que es objeto de este pleito, enseñándole el frente de la misma, que se extendía a las calles de San Sebastián y Tancá, y ofreciéndole toda la casa o sea la que comprende tres puertas en la primera

calle y tres puertas en la segunda calle, manifestando a la vez que la casa producía una renta mensual de cuarenta dólares. Y después de haber discutido las cuestiones que fueron presentadas, la corte sentenciadora, teniendo en cuenta la jurisprudencia sentada en el caso de *Hawkins* v. *Hawkins*, 50 Cal., 558, resolvió el caso a favor del demandado.

Cualquiera que haya sido la opinión sustentada por la corte sentenciadora en cuanto a la ley y a la prueba que ha sido impugnada por la apelante en su señalamiento de errores, si el resultado alcanzado fué correcto, podemos hacer caso omiso de las razones en que se fundó. La sentencia contra la cual se ha interpuesto apelación es lo que tenemos que considerar y si fué errónea, corregirla, y no podemos regirnos enteramente por los razonamientos a que ha llegado el juez sentenciador con respecto a la ley y a los hechos que fueron sometidos a su consideración.

Por consiguiente, tomando en consideración las cuestiones según fueron presentadas por el apelado, debemos llegar a la conclusión según los autos:

Primero. Que los hechos tal como han sido presentados en la demanda eran suficientes para constituir una causa de acción, y si los mismos quedaron probados a satisfacción de la corte sentenciadora, son suficientes para fundar en ellos una sentencia a favor de la demandante. Pero dichos hechos no quedaron de tal modo probados, o, por lo menos, si se establecieron *prima facie* por virtud de la prueba de la propia demandante, su efecto quedó destruído por la prueba presentada a favor del demandado.

Segundo. Debemos también resolver que la demandante después de otorgar la escritura de venta e hipoteca evidentemente ejecutó ciertos actos que demuestran su conformidad con dicho otorgamiento, tal como el de ofrecerla en venta, etc. Pero esta cuestión no es esencial si la venta se hizo debidamente y el demandado no había cometido fraude alguno y si no se demostró ninguna equivocación por medio de la prueba.

Tercero. No se demostró la existencia de ningún dolo o

engaño por parte del demandado ni resulta tampoco ningún
error por el cual pudiera estar justificada la rescisión de la
venta.   En vano hemos examinado los autos en busca de al-
guna prueba que pueda ser tomada en consideración con res-
pecto a fraude o error.

La corte sentenciadora oyó las declaraciones de todos los
testigos, y encontrando que la prueba en todos sus puntos
esenciales era contradictoria y no podía ser armonizada, en
el ejercicio de su sana discreción consideró como verdadera
aquella que fué presentada por el demandado.   No podemos
resolver que fuera errónea su decisión en cuanto a este par-
ticular.

Por tanto, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.