BRAVO ET AL., DEMANDANTES Y APELANTES *v.* BRAVO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre rendición de cuentas, y otros extremos.

No. 1747.—Resuelto en mayo 31, 1919.

RENDICIÓN DE CUENTAS—TUTOR—ALEGACIONES.—En una acción sobre rendición de cuentas no es bastante con que los demandantes aleguen solamente la falta de rendición de cuentas, sino que si el tutor rehusa rendir esas cuentas los demandantes tienen que probar que el tutor se hizo cargo del caudal hereditario o que negligentemente dejó de encargarse de los bienes de que debió incautarse.

ID.—ID.—MALICIA O FRAUDE—CUIDADO Y DILIGENCIA.—La sentencia en una acción como ésta es siempre reparadora y nunca de carácter punitivo, a menos que se alegue malicia o fraude. El deber de un tutor respecto a los bienes de sus pupilos es el de emplear aquella clase de diligencia que todo hombre prudente habrá de ejercitar en sus propios negocios.

ID.—ID.—SENTENCIA POR VIRTUD DE LAS ALEGACIONES.—Aun cuando en una acción sobre rendición de cuentas la contestación sea defectuosa y en la demanda se exponga toda la verdad, de acuerdo con el artículo 194, párrafo 2, del Código de Enjuiciamiento Civil, siempre es necesario la celebración de un juicio para investigar las cuentas; por tanto no comete error la corte al negarse a ordenar la eliminación de la contestación y dictar sentencia sobre las alegaciones.

ID.—ID.—NEGLIGENCIA—PRODUCTIVIDAD DE LAS PROPIEDADES.—La exclusión de la prueba para demostrar que ciertas propiedades pudieron haberse hecho productivas no constituye error en ausencia de alguna demostración de que era la intención demostrar que la falta de productividad era debida a la negligencia del tutor, y la falta de productividad de ciertas propiedades no constituye prueba de negligencia a menos que se demuestre que era su deber hacerlas producir.

ID.—ID.—FIRMA SOCIAL—PARTES.—El hecho de ser el tutor miembro de una

firma social en que los apelantes tenían un interés no da derecho a que se haga una investigación de los asuntos de dicha firma más allá de lo que la corte permitió cuando dicha firma no es parte en la acción de rendición de cuentas.

Id.—Id.—Prueba—Self-Serving Declaration.—La declaración del demandado de que él no había tenido ninguna queja de los inquilinos no constituye un "self-serving declaration," pues esto es un hecho en sí y no meramente prueba de referencia.

Id.—Id.—Pagos.—Fué un error inofensivo, de constituir error, el permitir al demandado presentar sus comprobantes en globo por los pagos verificados, pues el hecho de que estuvieran bajo su custodia constituyó prueba de su autenticidad y su manifestación bajo juramento de que se hicieron los pagos constituye prueba *prima facie*.

Id.—Id.—Frutos por Pensión.—Cuando existe la tutela testamentaria a *frutos por pensión* el tutor no está obligado, por lo general, a rendir cuentas a sus pupilos de la administración o disposición de los frutos de los bienes sujetos a tutela, y este principio no sólo es aplicable a las cuentas anuales sino también a la cuenta final de la administración, pues los productos de las propiedades son los suyos propios y estaría él rindiéndose cuenta a sí mismo.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Feliú & Alemañy.*

Abogados de los apelados: *Sres. G. H. Moscoso* y *José de Diego.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En la vista de este caso la representación de la parte apelante dejó de extenderse mucho por razón de la condición física de su adversario, el Sr. José de Diego, quien en aquellos momentos mostraba hallarse muy decaído de salud; sin embargo, la primera impresión que adquirimos en el momento de la vista nos la produjo la argumentación oral de José de Diego, que fué por cierto la última oración forense que pronunció tan eminente letrado, y aquella impresión favorable a la posición del demandado principal en este caso ha llegado a apoderarse más de nuestro ánimo por el examen que hemos hecho de los autos y de los alegatos.

Trátase de una acción de rendición de cuentas y daños y perjuicios por negligencia entablada por tres de los seis interesados contra su tutor con respecto a dos sucesiones, a saber: la de su abuelo y la de su abuela paternos. Los otros tres herederos han sido nombrados como demandados por haber rehusado unirse a los demandantes.

Don Luis Bravo y Pardo, abuelo paterno de las deman-
dantes, falleció en Mayagüez, P. R., bajo testamento que
otorgó el 4 de mayo de 1903, ante el notario de dicha ciu-
dad don Mariano Riera Palmer, en el cual instituyó por sus
únicos herederos a su esposa doña Santos González e Iz-
quierdo y a sus hijos Arturo, Alejandro, Alfredo, Jacobo,
Oscar, Consuelo, Carmen y Sara, y por representación a sus
nietos Luis, Clara, Sara, Judith, Berta y David Bravo y
Roselló, hijos legítimos de Luis Bravo y González, que a
su vez lo fué del testador don Luis Bravo y Pardo, y que
ya en dicha fecha había fallecido.

En su testamento el expresado Luis Bravo y Pardo nom-
bró e instituyó a su esposa doña Santos González e Izquier-
do tutora de las demandantes, que entonces eran menores de
edad, y de sus hermanos Luis, Berta y David Bravo y Ro-
selló, y en el caso del fallecimiento de la tutora, al deman-
dado Alberto Bravo y González, relevándole de fianza y a
frutos por pensión. La referida señora renunció su cargo
de tutora el 26 de diciembre de 1906, aceptando la renuncia
la corte el mismo día, mes y año de su presentación.

El mismo día 26 de diciembre de 1906, la corte designó
al demandado Alberto Bravo González como tutor de dichos
menores; el día 17 de enero de 1907, el Sr. Bravo Gonzá-
lez renunció a favor de las demandantes y de sus hermanos
cualquier retribución que por la tutela de ellos le pudiera
corresponder; y el 25 de febrero siguiente presentó la re-
nuncia de su cargo de tutor, que le fué aceptada el 28 del
mismo mes y año, cancelándose la fianza que había prestado,
de cuatro mil dollars, para responder del fiel cumplimiento
de su cargo y que suscribieron como fiadores los codeman-
dados Juan Torruellas y José G. Rivera.

El 8 de marzo de 1908 falleció en la ciudad de Mayagüez
doña Santos González Izquierdo, y en virtud de su disposi-
ción testamentaria ante el notario don Mariano Riera Pal-
mer, el 4 de mayo de 1903, nombró tutor para las deman-

dantes y sus hermanos al demandado Alberto Bravo González. El 16 de julio de 1908 se presentó ante la corte la partición del caudal hereditario de dicha señora en la que correspondía a las demandantes y a sus hermanos la suma de $3,908.32 9|11, para el pago de los cuales se le adjudicaron varios bienes a saber:

(a) Un condominio por $369.42 a cada uno o sea $2,216.52, en una casa marcada con el No. 86 de la calle de Méndez Vigo de Mayagüez.

(b) Una participación de $1,681.81 9/11, o sea, $280.30 8/6, más la sexta parte de 9/11, en el capital de $18,500 correspondientes a la testadora en la comandita de la sociedad A. Bravo y Compañía, S. en C.

(c) En muebles domésticos, para todos por sextas partes iguales $9.99.

Los bienes que heredaron las demandantes de su abuelo consistían de: (a) una finca rústica de dos cuerdas en el barrio de Sábalos de Mayagüez; (b) otra de 15 ½ cuerdas sita en el mismo barrio; (c) solar de 19 ⅔ varas en la prolongación de la calle de Candelaria conocida con el nombre de "Boulevard Balboa"; (d) $1,681.2|9 en la comandita que por $37,000 impuso el testador en la mercantil que giraba en Mayagüez bajo la razón de A. Bravo & Co., S. en C.

Aunque los apelados han presentado consideraciones generales en contestación al alegato de los apelantes, sin embargo no han discutido punto por punto los motivos de error formulados por dichos apelantes; y por eso el trabajo de contestar los susodichos motivos de error ha recaído sobre esta corte.

Antes de entrar a discutir los errores apuntados queremos hacer algunas consideraciones generales también. La acción principal es la de rendición de cuentas. En esta clase de acciones no les basta a los demandantes alegar solamente la falta de rendición de cuentas, sino que, además, si el tutor rehusa rendir esas cuentas los demandantes tienen que probar que aquél se ha hecho cargo del caudal hereditario

o que negligentemente ha dejado de encargarse de los bienes de que debió incautarse.

La sentencia que se dictara en este caso es siempre reparadora y nunca de carácter punitivo, a menos que se alegue malicia, dolo o fraude, elementos que no han sido aún ni sugeridos en este caso. El deber que tiene el tutor con respecto a los bienes de sus curadas es el de emplear aquella diligencia que todo hombre prudente habría de ejercitar en sus propios negocios (*quanta in suis rebus diligentia.*) 12 R. C. L. 1155, y casos bajo la nota 3. Véase también Sandar's Justinian, p. 403 y 19 Scaevola 513. *Konigmacher* v. *Kimmel*, 21 A. D. 374; *McLean et. ux.* v. *Hosea, et al.*, 48 A. D. 94–97.

Cuando se prueba que determinados bienes o fondos han llegado a poder del tutor que no ha de desempeñar el cargo a frutos por pensión, el deber de rendir cuentas es rigurosamente estricto, pero el cuidado o diligencia que ha de prestar es la de un hombre prudente.

I. Los apelantes como demandantes en la corte inferior presentaron una moción para eliminar la contestación y para que se dictase sentencia por las alegaciones. Asumiendo que la contestación era defectuosa en las materias enunciadas y enumeradas y asumiendo que en la demanda se exponía toda la verdad, sin embargo con arreglo al artículo 194, párrafo 2, del Código de Enjuiciamiento Civil aún era necesario que se ordenase la investigación de las cuentas tanto del dinero que llegó a manos del tutor o de los fondos o bienes que negligentemente ha dejado de cobrar, de modo que siempre era necesaria la celebración de un juicio. La contestación, sin embargo, no era totalmente defectuosa. Los apelantes dicen que debe presumirse que la corte desestimó la moción para eliminar. Aunque en una ocasión, por lo menos, hemos sostenido que debe prevalecer tal presunción con respecto a una excepción previa abrigamos dudas sobre si tal presunción existe con respecto a una mera moción. La moción se

discutió, pero nunca fué resuelta. Casi inmediatamente después las partes hicieron una estipulación para someter el caso a árbitros (*referees*), después a un solo árbitro y subsiguientemente para someter las cuestiones litigiosas entre las partes junto con el informe del árbitro a la misma corte. Bajo esas circunstancias y especialmente por la falta de insistir en la moción y por la sumisión a la corte, el no haber la corte eliminado la contestación no constituye error.

II. Los apelantes señalaron otro error consistente en permitir presentar el tutor prueba para demostrar que fué sustituído por otro tutor con respecto a la sucesión del abuelo. La admisión de esta prueba fué completamente inofensiva y sin consecuencias, según lo indican los mismos apelantes, o contribuyó a demostrar que otra fué la persona responsable. Por supuesto, si el apelado se hizo cargo de los bienes de los menores pudiera exigírsele la responsabilidad que nace de un cuasi-contrato, pero no como tutor. La prueba tenía alguna importancia para la cuestión de tutor *vel non*.

III y IV. La exclusión de la prueba de peritos estaba enteramente justificada si el demandado no era el tutor en la sucesión del abuelo aún cuando el demandado fuese responsable bajo una obligación cuasi-contractual. La exclusión de la prueba que demuestra que ciertas propiedades pudieron haberse hecho productivas o producir más no constituye error en ausencia de una oferta por parte de los apelantes de que ellos iban a demostrar que la falta de productividad era debida a la negligencia del demandado. Este razonamiento es aplicable también a cualquier propiedad que Bravo tuviese bajo su control por razón de la tutela y bajo su responsabilidad. Aisladamente considerada, prueba tendente a demostrar la falta de productividad en una propiedad y especialmente en una propiedad de frutos, no constituye negligencia. Como hemos dicho el demandado no tenía que ejercitar más cuidado que aquel que corresponde a un hombre que atiende a sus propios negocios; y el hecho de que él dejó de hacer productivas algunas fincas rústicas no era prue-

ba de negligencia en ausencia de una demostración de que era deber del demandado hacerla productiva.

V. Los apelantes tenían ciertos derechos o interés en la firma social de A. Bravo & Co. Con respecto a este pleito, como tal firma no era parte en él, propiamente no podía hacerse investigación de los asuntos de esa firma, salvo para demostrar que determinados bienes o fondos de los menores y que ingresaron en el haber social fueron a poder del demandado como tutor y que de los mismos hubiera dejado éste de dar razón. Ni aquí ni en ninguna otra parte existe la más mínima insinuación de fraude o apropiación por parte del demandado, sino que la tendencia de la prueba era que había dinero en la firma que debió distribuirse o cobrarse por los gerentes de la firma. Es cierto que el demandado era uno de los socios gerentes de la mercantil A. Bravo & Co., pero como tal firma no era parte sólo podía permitirse una limitada investigación en los asuntos de dicha firma. Además, los apelantes hicieron testigo suyo al demandado y la corte tenía el perfecto derecho a dar crédito a su dicho de que él no había recibido nada de tal firma y para tal cuenta.

Los errores VI, IX, XII, XIII, XIX y XX se refieren a la admisión de prueba tendente a probar la buena administración del demandado. El hecho de que al demandado se le permitió decir que él no recibió ninguna queja de los inquilinos no constituía una "self-serving declaration". La ausencia de queja por parte de los inquilinos es un hecho en sí mismo y no meramente prueba de referencia.

Por parte de los testigos se presentaron sus opiniones de la administración del demandado. Esa prueba fué inofensiva o admisible porque propendía a probar la concurrencia de otros condueños en la administración de los bienes en litigio. Los otros socios de una comunidad pueden muy bien ser llamados y mostrar su concurrencia en la administración cuando ellos en unión del demandado constituyen la mayoría de los condueños. Artículo 405 del Código Civil Revisado.

VII. De serlo fué un error inofensivo por parte de la corte en una administración compleja el permitir al demandante presentar sus comprobantes en globo por los pagos verificados. Constituyó un principio de prueba de su autenticidad el hecho de que estuviese bajo la custodia del demandado. En una acción de rendición de cuentas el demandado no puede hacer otra cosa que presentar sus comprobantes jurándolos y si se exigiera probar el verdadero pago y la firma de cada comprobante, el juicio se haría interminable y toda clase de cuestiones colaterales podrían sugerirse. Sería mucho más fácil para los demandantes demostrar que algunos de los créditos a que se refiere el tutor no se pagaron. La contestación de un demandado o su juramento de pago es prueba *prima facie.* I. C. J. 663 *et seq.*

Los apelantes discuten muy poco los errores números XIV, XV, XVI, XVII y XVIII, e igualmente lo haremos nosotros. Se refieren parcialmente a la admisión de comprobantes jurados por el demandado o a la prueba del pago de contribuciones.

Los errores VIII y IX se refieren a la admisión de prueba por parte del demandado de haber adquirido la participación que tenían otros de los condueños en la casa No. 86 de la calle de Méndez Vigo. La admisión de dicha prueba no constituye error por parte de la corte. Sin embargo, el demandado tenía razón en sostener que su administración de tal casa fué como dueño principal y no como tutor, como así lo creemos, punto que vamos a discutir más adelante.

El apelante sostiene que una orden declarando vacante la tutela es nula a menos que se cumpla con algunos requisitos formales y se hagan inventarios y se rinda cuentas. No es necesario resolver dicha cuestión tratándose como se trata de una acción sobre rendición de cuentas. Aun cuando un demandado, ya como tutor, ya como gestor de cosa ajena, está obligado a rendir cuentas, sin embargo, si es recalcitrante en rendir sus cuentas no puede dictarse sentencia contra él por cualquier suma que los demandantes quieran

exigir.   Como hemos indicado, éstos tendrán entonces un derecho a compensación, pero este derecho debe mostrarse. Ellos tienen que probar, como antes hemos insinuado, que determinados bienes llegaron a manos del tutor de los cuales haya él dejado de rendir cuentas, y además su negligencia.   No hemos encontrado nada ni nos han indicado los apelantes que haya habido algún dinero o propiedades cuyo paradero no haya sido explicado en este pleito.   Los apelantes insisten mucho en la falta de rendición de cuentas y en la falta por parte de la corte de obligar al demandado a rendir cuentas.

Con algunas ligeras excepciones que no afectan a la cuestión planteada toda la prueba demuestra que el demandado nunca tuvo la posesión o recibió propiedad alguna de la sucesión del abuelo, y el récord (p. 87 *et seq.*) parece indicar que antes del juicio el tutor rindió sus cuentas.

XXIII. Refiérese este error a un asunto no realmente aplicable o relacionado con este caso.   Como la firma de A. Bravo & Co. no se hizo parte demandada, la cuestión de si esa firma tenía el derecho a disolverse y entrar en liquidación independientemente de los menores es impertinente y no podemos ver cómo este pronunciamiento de la corte pudiera afectar a los apelantes en el presente pleito.

La corte inferior estaba justificada al rehusar aceptar el informe del árbitro.   Este no se limitó a hacer un informe de las sumas de que debía responder el demandado, sino que trata de estimar la proporción que tenían las apelantes en la firma de A. Bravo & Co., cuestión no envuelta en este pleito, ni que se le había sometido.   Además y principalmente la acción de la corte al revisar el informe del árbitro solamente puede alegarse como error si la acción final de la corte era errónea, toda vez que la corte tiene el poder de revisar por completo la acción del árbitro.   La cuestión queda siempre en pie si el demandado tuvo que responder como tutor o por concepto de daños.

Queréllanse los apelantes de que la corte dejó de emitir

sus conclusiones de hecho (*findings*) y de derecho. Además de la aplicación que tenga el caso de *Paganacci* v. *Lebrón,* 24 D. P. R. 796, 801, al presente caso, las apelantes dejaron de pedir que la corte hiciera tales conclusiones o tomar algún otro paso para obligarla a hacerlo en la corte inferior. En ningún caso puede levantarse semejante cuestión por primera vez en esta corte.

Sea cual fuere la responsabilidad del demandado como tutor o como gestor de cosa ajena, los demandantes estaban en la obligación de demostrar la responsabilidad incurrida y probar las sumas de dinero, o daños y perjuicios de que deba responder el demandado.

También estamos conformes en que el demandado tiene que responder por concepto de daños y perjuicios si se prueba alguna negligencia, pero no encontramos que ni como tutor ni como oficioso gestor de negocios ajenos sea responsable de tales daños. La cuestión de la negligencia de los gestores de A. Bravo & Co. no está envuelta en este litigio.

Con respecto a la casa de la calle de "Méndez Vigo" estamos conformes con la corte inferior que la administración del demandado era como dueño principal y no como tutor, pero, además, no se probó satisfactoriamente que la administración del demandado ha sido negligente. Las indicaciones del récord son que su administración no satisfizo a algunos de los condueños, pero sí a los otros condueños mayores así como también a las menores curadas o sus maridos. No encontramos ninguna razón para ir en contra del juicio de la corte de que no existieron tales daños.

De la prueba aparece que el demandado intervino en el contrato de arrendamiento hecho en favor de Lippit de una parcela de terreno del abuelo y que también recibió algunas de las rentas de esta finca, pero aparentemente estas rentas fueron entregadas a los menores o cuando menos no ha habido queja alguna.

Quizás una de las principales cuestiones en este caso fué la naturaleza de la tutela. Tanto para el caudal hereditario

del abuelo como para el de la abuela se nombró el deman-
dado tutor en concepto de frutos por pensión. Cuando existe
la tutela testamentaria de esta naturaleza el tutor no está
obligado por lo general a rendir cuentas a sus curados ni
a la corte de la administración o disposición de los frutos
de los bienes sujetos a tutela. 5 Scaevola, Coment. al Có-
digo Civil, pp. 250, 251; Sents. de 1º. de octubre de 1897;
28 de octubre de 1904; 28 de noviembre 1905. Y este prin-
cipio no sólo es aplicable a las cuentas anuales sino también
a la cuenta final de la administración. Lo más que puede
exigirse es que él les dé alimentos. Sostener la teoría con-
traria equivaldría a imponer al tutor nombrado con señala-
miento de frutos por pensión la obligación de rendir cuentas
a sí mismo, puesto que ha de hacer suyos los frutos de los
bienes del menor. Puede haber excepciones a la regla esta-
blecida, pero ellas no están envueltas en el presente caso.
Los apelantes dicen que las curadas no vivían en casa del
tutor, pero, sin embargo, hay bastante prueba demostrativa
de que les entregó sumas de dinero para la educación de
algunos de los niños y pagó el transporte a Nueva York.
Y, además, entregó sumas bastante crecidas a las curadas
de sus participaciones en la comandita de A. Bravo & Co.
y de las rentas de la casa de la calle de "Méndez Vigo", si
es que no otras cosas más y, como hemos visto, antes del
juicio se practicó un inventario de los bienes.

También parece que una gran parte de la administración
estuvo a cargo de Luis Bravo Roselló, el hermano mayor
de las curadas y que éste estaba perfectamente enterado de
toda la administración.

Como el objeto principal de este pleito es una cuestión
de negligencia, que no se probó, y la falta de rendición de
cuentas y esta falta de rendición de cuentas se refiere más
bien a cosas que debieron cobrarse a juicio de las deman-
dantes y no a cosas que llegaron a cobrarse, creemos que
la corte no se ha equivocado en estimar que el presente pleito
se entabló sin la razón derecha de que hablan las Leyes de

Partidas y que repetimos nosotros en el caso de *Vivas* v. *Her-naiz Targa & Co.*, 24 D. P. R. 836, 840, por lo cual la corte inferior estuvo justificada en condenar a las apelantes al pago de honorarios y costas.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso. .