Angela López, demandante y apelante, *v.* Emilio Chevremont, demandado y apelado.

No. 3381.—*Visto:* Enero 26, 1926. *Resuelto:* Julio 12, 1926.

1. Apelación y Error— Resolución y Disposición del Caso— Revocación— Errores que no Justifican Una Revocación—Fundamento Erróneo de la Sentencia, Cuando ésta es en sí Correcta.—Errores alegados en apelación no justifican una revocación cuando la sentencia apelada puede sostenerse sobre otras bases.

2. Apelación y Error—Resolución y Disposición del Caso—Confirmación— En General—Fundamentos de las Proposiciones Alegadas Como Motivos de Apelación—Exposición Insuficiente de Aquéllos en la Corte Inferior.—Cuando en la corte inferior no se exponen fundamentos muy satisfactorios para las proposiciones alegadas como fundamento de apelación, y según dichas proposiciones se presentan en el alegato, no requieren seria consideración, procede confirmar la sentencia apelada.

Sentencia de *M. Rodríguez Serra*, J. (San Juan, Segundo Distrito), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Eduardo López Tizol*, abogado de la apelante; *Luis Méndez Vaz*, abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Una historia concisa de la presente controversia hasta la revocación de una sentencia de *non-suit* está contenida en el caso de *Tous Soto, defensor etc.,* v. *Chevremont,* 31 D.P.R. 381.

La presente apelación es de la siguiente—

"SENTENCIA

"La vista final de este caso se verificó el día 8 de octubre del corriente año concurriendo las partes asistidas de sus abogados, presentando y practicando sus pruebas.

"Considerando en conjunto dicha prueba la Corte llega a las siguientes conclusiones de hechos.

"1ª.—Que la demandante no era considerada en su comunidad como una mujer pura, en la época en que alega haber sido seducida, sino por el contrario ella había vivido en concubinato con otro hombre.

"2ª.—Que la demandante no ha probado haber sufrido daños y perjuicios a virtud de los actos del demandante. Sobre este punto hubo ausencia total de prueba.

"En su virtud la corte es de opinión que debe declarar sin lugar la demanda y al efecto dicta sentencia declarando sin lugar la demanda sin especial condena de costas."

En mayo 29 de 1925 se dispuso del caso *per curiam* en la siguiente forma:

"Por cuanto, todos los miembros de esta Corte convienen en que el pronunciamiento final y parte dispositiva contenido en la sentencia dictada por la corte inferior de ser considerado por sí solo no es tan manifiestamente contrario a la prueba aducida al juicio que requiera su revocación; y

"Por cuanto, el alegato del apelante no contiene ningún señalamiento de error por separado; y

"Por cuanto, las cuestiones promovidas, según se expresaron en el informe oral en el acto de la vista en tanto pueden tener algún mérito como cuestiones abstractas de ley, son más o menos técnicas, y en la forma y modo en que han sido sometidas a nuestra consideración admiten implícitamente y prescinden de ciertas proposiciones más serias y fundamentales sobre las cuales este Tribunal no está unánimemente conforme como lo está con referencia a la cuestión aquí referida en primer término; y

"Por cuanto, de un examen cuidadoso de toda la prueba no parece probable que se obtendría un resultado más favorable para la demandante, si por razones más o menos técnicas el caso debiera ser devuelto otra vez para la celebración de un nuevo juicio; y

"Por cuanto, no estamos dispuestos a incitar a la demandante que prosiga o someta al demandado al continuado sostenimiento de una controversia de esta naturaleza y de tal mérito dudoso e intrín-

seco en lo que respecta al alegado derecho de la demandante para recobrar por daños.

"Por tanto, se confirma la sentencia dictada por la Corte de Distrito de San Juan, Distrito Segundo, en Diciembre 17 de 1923."

En agosto 1 de 1925 por orden de la mayoría de esta corte se declaró con lugar una moción de reconsideración y se invitó a las partes a que discutieran además de los puntos ya presentados las siguientes cuestiones:

"1—¿Determina la sentencia la cuestión litigiosa principal respecto a si fué o nó seducida la demandante por el demandado?

"2—¿Puede sostenerse la sentencia por la teoría de una apelación contra el pronunciamiento final de la misma, prescindiéndose de cualquier error en la determinación de las únicas cuestiones expresamente resueltas?

"3—¿Es la sentencia de desestimación, cuando expresamente se funda en una conclusión de hecho falsa y una conclusión de derecho errónea, comprendida en ella, sin hacer mención y al parecer sin ninguna consideración de la cuestión litigiosa principal, una determinación final de los derechos de las partes dentro del significado del artículo 188 del Código de Enjuiciamiento Civil?"

La apelante contesta la primera y tercera de estas preguntas en forma afirmativa y al discutir la segunda se conforma con insistir en la proposición de que la sentencia apelada no debe ser confirmada sino revocada. Bajo estas circunstancias no debemos llevar la investigación más lejos.

La apelante insiste en que:

"1er error.—Que la corte cometió error al declarar como base de su sentencia que la demandante no era considerada en su comunidad como una mujer pura, en la época que alega haber sido seducida.

"2o error.—Que la corte cometió error al considerar como contrario al derecho de la demandante el supuesto concubinato de Angela López con Zencovich.

"3r error.—Que la corte cometió error al declarar en su sentencia que no se ha probado los daños sufridos por la demandante.

"4o error.—Que la corte cometió error al declarar que Angela López era de mal carácter, tomando para ello las declaraciones de

Laforet y Nazario, quienes sólo declararon sobre un caso en parti-
cular, de concubinato.

"5o error.—Que la corte cometió error al permitir que el tes-
tigo Francisco Cuevas Laforet declarara que Angela López vivió en
concubinato con Zencovich.

"6o error.—Que cometió error al permitir que el testigo Ramón
Nazario declarara acerca del supuesto concubinato de Angela López
con Zencovich.

"7o error.—Que la corte cometió error al no declarar con lugar
la moción del demandante solicitando se eliminara totalmente la de-
claración de este testigo, por inmaterial.

"8o. error.—Cometió error al declarar sin lugar la moción de
eliminación de las declaraciones de los testigos Laforet, Nazario y
Juan Oquendo, presentados para impugnar la propia declaración de
la testigo del demandado, Angela López.

"9o. error.—La corte cometió error al dictar sentencia contraria
a la prueba practicada y a las alegaciones."

[1] El primero, segundo, cuarto y quinto de los errores
señalados según están especificados, no justifican una revo-
cación si se puede sostener la sentencia sobre otras bases,
de acuerdo con decisiones anteriores de esta corte. *Paga-
nacci* v. *Lebrón*, 24 D.P.R. 796; *Pellicier* v. *Fernández*, 19
D.P.R. 117; *Gandía* v. *Pizá*, 17 D.P.R. 812; *González* v. *Co-
llazo*, 22 D.P.R. 618; *Galán* v. *Borinquen Trading Corp.*, 32
D.P.R. 62; *Bravo* v. *Bravo*, 27 D.P.R. 444; *Guerra* v. *Acha*,
27 D.P.R. 688; *Albite* v. *Lecumberri*, 22 D.P.R. 856; *France
& New York Medicine Co.* v. *Reily*, 31 D.P.R. 650.

En un número de estos casos el juez que suscribe ha di-
sentido o firmado conforme con la sentencia, pero bajo las
circunstancias de este caso esta diferencia de opinión, sin
nada más, no tiene importancia suficiente para justificar que
me negara a dictar la opinión de esta corte.

En este caso no hubo moción de nuevo juicio ni tampoco
petición alguna solicitando conclusiones de hechos específicos.

El dejar de presentar tales conclusiones de hechos no
ha sido siquiera señalado como error. La invitación exten-
dida a la apelante para que atacara la existencia de una sen-

tencia adversa o una decisión sobre los méritos ha sido rehusada.

Para los fines de esta opinión no necesitamos estudiar ni discutir los principios elementales del derecho sentados por otras cortes al disponer de casos que envuelven responsabilidad civil por seducción y en los cuales confía la apelante en su alegato.

Ninguno de los casos parece haber confundido la seducción con actos o relaciones meramente ilícitos. Si la demandante dijo la verdad en la silla de los testigos, ella ha sido seducida. Si la versión del demandado de lo que ocurrió era cierta, no había base para una reclamación por seducción. Una u otra de estas manifestaciones era falsa.

La apelante admite que la corte inferior resolvió la cuestión. Y, en la teoría de que se llegó a una conclusión a este respecto, entonces, según manifestamos en la sentencia *per curiam* de abril 29 de 1925, ninguno de los miembros de esta corte puede decir a conciencia que la corte inferior erró manifiestamente en la apreciación de la prueba.

Esto resuelve los señalamientos octavo y noveno.

[2] No se expuso ningún fundamento muy satisfactorio en la corte inferior para las proposiciones alegadas como tercera, sexta y séptima base de la apelación; y según han sido presentadas en el alegato no requieren seria consideración.

*La sentencia apelada debe ser confirmada.*