THE FRANCE AND NEW YORK MEDICINE COMPANY, DEMANDANTE Y APELANTE, *v.* REILY ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre devolución de contribuciones pagadas bajo protesta.

No. 2737.—Resuelto en marzo 27, 1923.

CONTRIBUCIONES INSULARES—PROPIEDAD TASABLE DE CORPORACIONES DOMÉSTICAS CUYO CAPITAL ESTÁ SITUADO FUERA DE PUERTO RICO.—La diferencia entre el valor de la propiedad inmueble y mueble tangible y el valor del capital y bonos de una corporación más el sobrante y ganancias no divididas, representa, la propiedad mueble intangible (*capital stock*) sujeta al pago de contribuciones insulares; y una corporación doméstica que tiene sus capitales invertidos y sus bienes fuera de Puerto Rico está sujeta al pago de contribuciones al Tesoro Insular, de acuerdo con el artículo 317 del Código Político como quedó enmendado en 1904, sobre su propiedad mueble intangible.

CORTES DE DISTRITO—DEBER DEL JUEZ AL DICTAR SENTENCIA—RELACIÓN DEL CASO Y OPINIÓN.—El dejar la corte inferior de dar cumplimiento al artículo 227 del Código de Enjuiciamiento Civil según el cual deberá archivar una relación del caso exponiendo los hechos y dando las razones en que basa su decisión no es error fundamental que requiera la revocación.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. J. A. y A. S. Poventud.*

Abogados de los apelados: *Hon. Attorney General* y *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción para obtener la devolución de cierta contribución pagada al Tesoro bajo protesta.

En la demanda, en síntesis, se alega: que la demandante es una corporación que está incorporada en Puerto Rico,

donde no posee bienes muebles o inmuebles, teniendo sus negocios y su capital invertido permanentemente en el Estado de New York; que a Puerto Rico sólo remite pedidos en comercio interestado; que paga contribuciones bajo las leyes de aquel estado y también al Tesoro Federal; que sólo tiene en Puerto Rico algunos créditos personales y un automóvil valorado en $775.55, por el que únicamente debe pagar la contribución de $12, estando los créditos libres de contribución; que no obstante todo lo alegado, el Tesorero de Puerto Rico le tasó el valor de las acciones y ganancias no divididas, ascendente todo a $173,283.56, sobre cuya cantidad le impuso una contribución de $2,127.52, la que alega ser ilegal en cuanto excede de la cantidad expresada de $12 impuesta al automóvil; que de la decisión del Tesorero apeló para ante la Junta de Revisión e Igualamiento la que confirmó la expresada tasación; que a requerimiento del Tesorero de Puerto Rico la demandante hizo efectivo el importe referido de dicha contribución, pagándola bajo protesta en 22 de julio de 1920, en cuanto a la cantidad de $2115.52, que es contraria a la ley, por no autorizar ésta la imposición de contribución a corporaciones domésticas que tienen sus capitales invertidos y sus bienes situados fuera de Puerto Rico; y por último, que la contribución que se le ha impuesto es arbitraria e ilegal, infringiéndose la sección 2 del Acta Jones y la enmienda XIV de la Constitución Federal aplicable también a esta isla.

La exposición de las anteriores alegaciones, en lo substancial, fué admitida por la contestación, con la diferencia de que la parte demandada sostiene la legalidad de la contribución impuesta y cobrada por el Tesoro de Puerto Rico.

El caso fué juzgado en sus méritos y la corte inferior declaró sin lugar la demanda, por lo que la demandante ha establecido el presente recurso.

En la forma que se ha planteado la discusión del caso por ambas partes, es cuestión para nosotros resolver si la con-

tribución impuesta a la demandante lo ha sido de conformidad ·con el Código Político, en su artículo 317, enmendado según la ley de 10 de marzo de 1904, y si de algún modo, en la aplicación de dicho cuerpo legal, se ha infringido la sección 2 de nuestra Acta Orgánica.

El artículo 317, *supra*, literalmente, dice:

"Art. 317.—La propiedad mueble de instituciones, corporaciones y compañías incorporadas con arreglo a las leyes de Puerto Rico fuera de las instituciones bancarias con capital en acciones deberá tasarse como perteneciendo a tales instituciones, corporaciones y compañías por el Tesorero de Puerto Rico, en la forma que este artículo provee. El valor efectivo actual del capital de las citadas corporaciones, se fijará por el Tesorero de Puerto Rico, de conformidad con la declaración jurada de los presidentes, directores u otros funcionarios al frente de tales corporaciones, como se requiere por el artículo 319, o basándolo en cualquier otro informe fidedigno que el Tesorero tenga o adquiera, y el valor efectivo actual no será en ningún caso menos que el valor del capital y bonos, más el sobrante y ganancias no divididas de dichas instituciones, corporaciones y compañías; ni será menor que el valor en el mercado de los bienes inmuebles y muebles de dichas instituciones, corporaciones y compañías, incluyendo en los bienes muebles todos los derechos, franquicias y concesiones. De la tasación obtenida en esta forma se deducirá el valor total de la propiedad inmueble de dichas corporaciones, que resulte de la tasación verificada de acuerdo con las disposiciones del artículo 316; y el resto será considerado como que representa la propiedad mueble de dichas corporaciones que ha de someterse a contribución."

A los efectos de la imposición de contribuciones para el año económico 1919–1920 y para cumplir las prescripciones que le impone a las corporaciones domésticas la disposición antes citada, la demandante presentó al Tesorero de Puerto Rico la correspondiente planilla haciendo la declaración de bienes que sirvieron de base al Tesoro para verificar la tasación, en la siguiente forma:

Capital pagado de la corporación_____._____ $170,000.00
Ganancias no divididas_____   3,283.56

Estas dos cantidades ascienden a $173,283.56 y sobre esta suma el Tesorero impuso a la corporación demandante una contribución de $2,127.52.

Interpretando la apelante el artículo 317 del Código Político en relación al segundo error que señala y el único que debe merecer toda nuestra atención en la consideración de este caso, dice que se refiere a la contribución que se impone sobre la propiedad, es decir que la ley grava la propiedad de la corporación, pero no el capital (*capital stock*) de la misma. Sin que tengamos ninguna duda, es lo cierto que este es el punto esencial a decidir en el presente caso y que de su interpretación depende su resultado.

Todos los esfuerzos de la apelante estriban en que el Tesorero sólo debió imponerle contribución sobre la propiedad tangible existente en Puerto Rico y en tal sentido únicamente era objeto de tasación la suma de $775.55 valor de un automóvil que posee la corporación en esta isla; alegándose además, que el sitio principal de sus negocios, así como de los bienes muebles e inmuebles, radica fuera de Puerto Rico.

Las corporaciones con motivo de su constitución especial están sujetas a un gravamen adicional en el que entran para la tasación de sus bienes elementos que no existen tratándose de individuos y los cuales pueden en efecto ser objeto de tasación sin dar lugar a discriminación alguna en el sentido legal.

"En las corporaciones hay cinco elementos de valor sujetos a tasación, cada uno de los cuales es bajo ciertas circunstancias materia apropiada de tasación, a saber: (1) las franquicias, (2) el capital en poder de la corporación, (3) la propiedad social, (4) el ingreso, y (5) las acciones del capital en poder de los accionistas individuales.

"El poder del Estado para imponer contribución a los elementos de valor que pueden ser objeto de contribución indicados en el párrafo anterior, no se limita a elegir un solo elemento con exclusión de los demás. Indudablemente que los elementos mismos representan en mayor o menor grado los mismos principios fundamentales

del activo de la corporación.  Cada uno de estos elementos es, sin embargo, bajo ciertas circunstancias, materia adecuada de contribución, y está sin duda dentro del poder del Estado cuando éste no se encuentra restringido por limitaciones constitucionales, el fijar contribuciones a ellos de modo que sujeta a la corporación o a los accionistas a lo que en efecto equivale a una doble tasación.  Siendo diferentes los elementos mismos puede imponérseles contribución separadamente aunque el gravamen se impone sobre la misma propiedad en cada caso.''   26 R. C. L. 157 y 158.

Aceptamos que el artículo 317 del Código Político nominalmente habla de la contribución sobre la propiedad de las corporaciones, o lo que es lo mismo, sobre el tercer elemento de que hablamos más arriba, la propiedad de la corporación (*corporate property*), pero dado el método empleado por nuestro Código Político en dicho artículo 317 de tasar la propiedad personal mueble refiriéndose a la intangible, indirectamente, pero de una manera expresa, la tasación alcanza el capital de la corporación (*capital stock*).

''Hay muchos y diferentes métodos de imponer contribución a la propiedad de las corporaciones.  En general los bienes inmuebles y la propiedad personal tangible de tal naturaleza que tiene un sitio fijo en determinado lugar está sujeta a la tasación local donde está situada, y se alcanza el resto de la propiedad de la corporación indirectamente por medio de una contribución sobre el capital o la franquicia.  Los bienes intangibles de una corporación pueden, sin embargo, quedar sujetos a una contribución sobre la propiedad, y ser valorada rebajando el valor en tasación de la propiedad tangible de la corporación del valor total de su capital y bonos.''   26 R. C. L. 178.

De manera que se puede entender fácilmente que el método empleado por nuestro sistema de contribución para la tasación de corporaciones domésticas comprende propiedad inmueble y mueble tangible y la diferencia entre estas pro piedades y el valor del capital y bonos más el sobrante y gagancias no divididas, representa la propiedad mueble intangible que debe someterse a tasación, por lo que se ve clara-

mente, y de un modo expreso, que la contribución alcanza in-
directamente al capital de la corporación (*capital stock*).

"En algunas jurisdicciones el valor de la propiedad personal,
tangible e intangible, de una corporación se determina rebajando el
costo de los bienes inmuebles pertenecientes a la corporación del total
del capital social." 26 R. C. L. 179.

La apelante insiste, sin embargo, que como se trata ex-
clusivamente de contribuciones impuestas sobre la propie-
dad de corporaciones domésticas, que es bien claro que
cuando sus bienes están fuera de la jurisdicción, permanen·
temente situados en otro estado y allí invertidos en relación
con sus negocios, no es legal·la contribución a dichos bienes
o a cualquier cosa que los pretenda substituir o representar.
Pero estas conclusiones de la apelante son tan absolutas que
no responden a las disposiciones del Código Político que he-
mos examinado ni están en armonía con la jurisprudencia
aplicable en tales casos.

Parece que el sistema de tasación de las corporaciones
domésticas en la forma que hemos visto y que prescribe el
artículo 317 del Código Político, impone a primera vista una
contribución sobre la propiedad, pero realmente alcanza al
capital de la sociedad en el remanente de la propiedad mue-
ble intangible al deducir de ésta la propiedad real y la per-
sonal tangible. En tal caso parece que no se trata de una
contribución sobre la propiedad propiamente dicha de la cor-
poración sino más bien de un arbitrio (*excise*). En este
sentido se hace importante saber en determinados sistemas
de tasación si es una u otra cosa lo que se impone, porque si
la contribución es solamente un arbitrio (*excise*) el capital
de la corporación (*capital stock*) es meramente la medida de
la tasación y tanto la forma en que el capital esté invertido,
así como la localización o *situs* de la propiedad, es inmate-
rial; pero por el contrario, si lo que se impone es una contri-
bución sobre la propiedad, el capital de la corporación no

puede ser tasado sin una deducción de la propiedad situada en otro Estado.   Véase 26 R. C. L. 171.

En relación con lo que se acaba de exponer pasamos a considerar algunas de las afirmaciones que la apelante hace en su alegato: que se alegó y probó que dicha apelante tiene sus bienes en New York; que es incuestionable el derecho de New York y otros Estados de imponer contribuciones a los bienes muebles e inmuebles de la demandante allí situados y que resultaría ilegal imponerles doble contribución como se le impondría si se tuviera que pagar contribución por tales bienes en Puerto Rico.

La prueba demuestra, efectivamente, los siguientes extremos: que la apelante fué incorporada en Puerto Rico; que no tiene inmuebles ni propiedad personal tangible en Puerto Rico a excepción de un automóvil tasado en $775.55, y ciertos créditos personales; que aquí solamente remite pedidos de las mercaderías que constituyen el objeto del negocio a que se dedica; que paga contribuciones bajo las leyes del Estado de New York; que allí tiene su oficina principal de negocios y un laboratorio químico; y que posee en la ciudad de New York un edificio de mampostería para sus fines corporativos, valorado en unos $65,000, que por el que paga contribución en aquella ciudad, pero sin que aparezca en forma clara y precisa la época de adquisición de tal edificio por la demandante.

La consecuencia inmediata que deducimos de estar incorporada la demandante en Puerto Rico es la presunción de que se considere aquí residente y *prima facie* tasable su propiedad personal en su residencia (*situs*).   Pero si como ocurre con nuestro estatuto que el valor de la propiedad personal intangible se fija rebajando el costo de la propiedad inmueble perteneciente a la corporación del conjunto que constituye el capital social, entonces en este caso concreto, podía haberse hecho tal deducción de los inmuebles radicados fuera de la residencia y de los muebles (tangibles) permanente-

mente situados fuera de la isla, siempre que se probare la existencia de tales bienes durante el año económico por el cual se había de imponer la contribución.

No hay duda que sería ventajoso a la nación y a cada estado individual si se armonizaran los principios en que descansan los sistemas de tasación de modo que no resultara un conflicto entre unos y otros y como consecuencia que un plan pudiera ser adoptado para que la contribución sobre una misma propiedad en dos jurisdicciones diferentes pueda ser evitada, pero la Constitución no va tan lejos hasta el punto de exigir esto. Ningún Estado está obligado para hacer que sus leyes sobre tributación se establezcan en armonía con las de otros Estados y así la propiedad personal intangible puede ser objeto de tasación en dos Estados diferentes como cuando se impone en el domicilio del dueño y en aquel donde ha adquirido el sitio principal de sus negocios (*business situs*). En casos como esos la constitucionalidad de una doble contribución en tal forma impuesta ha quedado fuera de duda. Véase 26 R. C. L. págs. 264 y 265.

Pudiera creerse que con una teoría como la expuesta, hemos seguido la antigua máxima de *mobilia sequuntur personam* y la parte apelante opone el argumento que ese antiguo y tradicional principio de que la propiedad personal era tasable en el domicilio del dueño, sin considerar su situación (*situs*), ya no existe de acuerdo con decisiones de la Corte Suprema de los Estados Unidos. Pero nos encontramos con que esas decisiones recientes del más alto tribunal de la nación se refieren y tienen perfecta aplicación en tanto en cuanto afectan la propiedad personal tangible, y por ellas ha quedado establecida la doctrina inequívoca de que un Estado que impone una contribución sobre la propiedad personal tangible de uno de sus residentes, pero permanentemente situada (*located*) en otro Estado, tiene el efecto de privar a él de su propiedad sin el debido procedimiento de ley y constituye una violación de la Constitución Federal.

*Union Refrigerator Transic Co.* v. *Kentucky*, 199 U. S. 194,
26 S. Ct. 36, 50 U. S. (L. ed.) 150, 4 Ann. Cas. 493 y nota;
*Fidelity etc. Trust Co.* v. *Louisville*, 245 U. S. 54, 38 S. Ct.
40, 62 U. S. (L. ed) 145, L. R. A. 1918 C. 124.

Pero el punto en discusión varía de un modo diametral-
mente opuesto tratándose de la propiedad personal, intangi-
ble.   La antigua máxima antes citada subsiste y es la que
determina el *situs* a los fines de fijar la tasación de tal pro-
piedad.

"La máxima *mobilia sequuntur personam* encarna el principio
general en relación al lugar (*situs*) para los fines de la imposición
de la contribución sobre la propiedad personal intangible, tal como
bonos, acciones, etc.; y si bien a veces dicha propiedad puede ad-
quirir un sitio para la imposición de la contribución en un estado
que no sea el del domicilio del dueño, y puede quizá perder su sitio
en el Estado del domicilio del dueño, es, sin embargo, la regla general,
a falta de circunstancias predominantes en contrario, que el lugar
de la propiedad intangible para los fines de la contribución es el
Estado del domicilio del dueño.   Hay una clara distinción entre la
propiedad tangible e intangible por el hecho de que generalmente no
hay ningún sistema por el cual la existencia o el dominio de la pro-
piedad intangible pueda ser determinado en el Estado del lugar
donde se encuentra, ni ningún medio por el cual pueda conseguirse
al dueño mediante diligencias en un Estado que no sea el de su do-
micilio, o ponerse en vigor el cobro de la contribución de otro modo.
Admitiendo, sin embargo, que en algunos casos la propiedad per-
sonal intangible puede adquirir un lugar que no sea el del domi-
cilio del dueño, de ello no se infiere ni jamás se ha determinado au-
torizadamente que la adquisición de tal lugar y sujeción a la con-
tribución por virtud de ello impide que el Estado del domicilio del
dueño pueda fijar contribución también a la misma propiedad."
26 R. C. L. 282-283.

Para ser consecuentes con la interpretación que hemos
dado al artículo 317 del Código Político, quedaría por resol-
ver en este caso si debía deducirse de la contribución im-
puesta a la demandante, el valor del inmueble que radica en
la ciudad de New York.   No obstante, una cuestión de hecho

se opone a que pudiéramos llegar a una conclusión favorable y es que no aparece probado de manera clara y precisa la época de la adquisición del inmueble por lo menos antes o durante el año económico por el cual se le ha repartido la contribución a la demandante. No se aportó pueba documental que pudiera fijar ese dato y la prueba testifical en ese extremo es insegura y vacilante al tratar de establecer la fecha de su adquisición. Además, sería muy dudoso que pudiera prevalecer tal deducción cuando no encontramos dato alguno en ese sentido en la alzada que presentó la apelante a la Junta de Revisión e Igualamiento apelando de la decisión del Tesorero de Puerto Rico. En esa clase de recursos se exponen las razones para impugnar la contribución que ilegal o excesiva se alega que ha sido impuesta, y podemos ver que en el recurso de alzada de la demandante se aducen como razones, las siguientes:

"Que la corporación no tiene capital en Puerto Rico y obtiene sus beneficios de negocio establecido en la ciudad de New York, donde tendrá que pagar la contribución.

"Es, pues, evidente que si se nos exige pagar la misma contribución en New York y en Puerto Rico a la vez, una de las dos es injusta, y creemos que este asunto debe ser tratado por el Honorable Tesorero de Puerto Rico con la oficina que corresponda en los Estados Unidos con el fin de determinar donde es que legalmente nos corresponde pagar la contribución, si es en New York o en Puerto Rico.''

Se puede notar que no se especifica en dicho recurso que entre los bienes pertenecientes a la apelante existiera el inmueble que se menciona por algunos testigos. Solamente se atendió demostrarse de una manera general que la apelante no tiene capital invertido en Puerto Rico y que obtiene sus beneficios de su negocio establecido en la ciudad de New York (*business situs*), creyéndose de ese modo que tal condición le hacía inmune en esta isla a los efectos de quedar exenta de toda tasación que no fuera de bienes muebles tangibles. En tal situación no se entendió bien por la apelante

la disposición del artículo 317 del Código Político, y por el contrario, el Tesorero lo aplicó rectamente, y por tanto, la contribución impuesta y cobrada han sido actos realizados de conformidad con la ley y la jurisprudencia aplicable.

La apelante señala otro error que imputa a la corte inferior por haber omitido redactar y archivar una relación del caso exponiendo los hechos y dando las razones en que había de fundar su decisión. Este error se trata con alguna extensión por la apelante en su alegato y es de interés la jurisprudencia que cita en su apoyo, así como sus razonamientos, pero esta misma cuestión había sido ya ampliamente considerada por esta Corte Suprema en el caso de *Paganacci v. Lebrón*, 24 D. P. R. 797, donde se resolvió que el artículo 227 del Código de Enjuiciamiento Civil en la forma que fué enmendado en 1911, no era tan estricto como el que rige en California, que exige conclusiones formales de hecho y de derecho por separado, y se decidió que la omisión de la corte inferior en ese sentido no es motivo de error para revocar una sentencia.

Por las razones expuestas, la sentencia debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.