VICENTE TORRES, demandante y apelado, *v.* RAFAEL VELÁZQUEZ, demandado y apelante.

No. 5226.—*Sometido:* Febrero 12, 1931. *Resuelto:* Febrero 26, 1932.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Rafael Velázquez apela de la sentencia que lo condena a pagar cierta cantidad de dinero a Vicente Torres como indemnización de daños y perjuicios.

El apelante era dueño el 20 de febrero de 1928 de dos ómnibus de motor (guaguas) nombrados, uno Genoveva y el otro Adelina, que tenían el servicio de conducción de pasajeros entre Humacao y Yabucoa. En la fecha expresada, al mediodía, yendo la Genoveva de Yabucoa para Humacao y la Adelina en dirección contraria, ambas por su derecha en la carretera, estando guiada la Adelina por Rafael Velázquez, dueño de ambas, y la otra por su empleado Ramón Vázquez, se encontraron en la curva llamada de Aguas Largas, que está a pocos kilómetros de Yabucoa y en ese momento sufrió el apelado Vicente Torres la fractura de los huesos cúbito y radio de su antebrazo izquierdo. Cómo ocurrió ese accidente se verá después.

██ El apelante alega como primer motivo para su recurso que la demanda no aduce hechos determinantes de causa de acción. En ella se dice que al encontrarse los dos vehículos, para dar paso la Genoveva a la Adelina trató de pasar sobre un montículo de arena de unos dos pies de altura que allí había y se inclinó tanto la Genoveva que el demandante creyó que se volcaba, en cuyo momento retrocedió por impulso retrógrado del motor produciendo una conmoción que sacudió en su asiento al demandante, el que por impulso involuntario de propia conservación se agarró con la mano izquierda de uno de los travesaños que separan las ventanillas de manera que el antebrazo le quedó un poco fuera de la guagua, en cuyo momento la Adelina se acercó con intención de pasar y a la vez de apuntalar a la Genoveva para impedir que se volcara, atrapando el brazo del demandante de manera tan violenta que le fracturó los dos huesos del mismo. Los hechos así expuestos en la demanda son constitutivos de negligencia del demandado y de su empleado

por lo que no podemos declarar que sea insuficiente para la acción que se ejercita.

■ El segundo motivo carece de importancia como reconoce el apelante. La inclusión de este pleito en el calendario de la corte inferior para juicio antes de ser contestada la demanda no causó perjuicio alguno al demandado porque el día que empezó la vista de este asunto ya estaba presentada la contestación y porque presentó toda su prueba en el juicio.

■ El cuarto señalamiento de error se funda en que fué dictada sentencia sin estar apoyada en una relación de hechos que estimara probados la corte. Aparte de que el error que así se expone no es fundamental para requerir la revocación, según dijimos en el caso de *The France and N. Y. Medicine Co.* v. *Reily et al.*, 31 D.P.R. 650, en la relación del caso y opinión que sirvió de fundamento a la sentencia apelada se dice que la prueba fué contradictoria pero atendiendo a la declaración del Dr. Presly llegó la corte a la conclusión de que la lesión sufrida por el demandante fué por compresión, que es lo que dice la prueba del actor, por lo que no podemos decretar la revocación por dicho motivo de error.

Los restantes errores alegados están relacionados con la prueba por lo que pueden ser considerados conjuntamente.

La prueba demuestra que el sitio de la curva en que se encontraron las dos guaguas es estrecho. La prueba del apelante tendió a demostrar que al llegar a dicho sitio la Genoveva trató de pasar por encima de un montículo de arena que allí había para que pudiera pasar la Adelina y al hacerlo y retroceder la guagua Genoveva se inclinó hacia el centro de la carretera, asustándose los pasajeros por la conmoción que se produjo y que en ese momento el apelado se agarró de un palo inmediato a la ventana en que estaba, pasando entonces la Adelina, comprimiéndole el brazo izquierdo y rompiéndole los dos huesos del mismo. Según el Dr. Presly el apelado sufrió una fractura compuesta conminuta, o en

varios pedazos, de los huesos del antebrazo izquierdo; que la fractura más alta le fraccionó ambos huesos, a una distancia de seis pulgadas; que en esas seis pulgadas había unos diez o doce fragmentos de hueso con tumefacción de los tejidos colgantes del antebrazo, desde un poco más abajo del codo hasta la punta de los dedos, con la hemorragia subsiguiente y la transmutación de sangre; que la tumefacción llegó hasta las uñas y tenía hemorragias en ellas; que esa herida fué por presión; que no volverá a recobrar el uso de su brazo y le quedará inútil, no pudiendo levantar la mano ni doblar la muñeca, y que presentaba evidencia externa de contusiones que empezaron un poco abajo del codo y se extendieron hasta las uñas de la misma mano, teniendo todo el antebrazo colorado, con erosiones y hemorragias. La declaración de ese perito no fué contradicha.

La prueba del apelante tendió a demostrar que esas guaguas no rozaron ni chocaron en esa ocasión, y fué importante en el sentido de que en el momento del accidente y al ser llevado poco después el herido al cuartel de la policía en Yabucoa, manifestó el apelante que ocurrió por haber sacado él fuera de la guagua el brazo y la cabeza para escupir. Igual manifestación hizo al día siguiente una hermana del apelado, que iba en la guagua, al abogado de la compañía de seguros. Ella no la negó en el juicio pero trató de explicarla.

Por lo expuesto se ve que existió un fuerte conflicto en la evidencia respecto a la manera cómo los hechos ocurrieron pero no creemos que el tribunal inferior cometiera un manifiesto error al decidirla en favor del apelado, con mayor motivo cuanto que según declaración del Dr. Presly la lesión fué producida por compresión del antebrazo, que es lo que sostiene la teoría del apelado.

El apelado es un pintor que ganaba por su trabajo diario de cinco a seis dólares cuando trabajaba por ajuste y de tres y medio a cuatro cuando lo hacía a jornal por lo que no

nos parece excesiva la cantidad de $3,000 que le fué concedida por indemnización.

*La sentencia apelada debe ser confirmada.*