PITTMAN & BARROW *v.* E. G. ROBICHEAU, Sheriff, &c.

The interest of a partner in a particular thing or piece of property belonging to the partnership, cannot be seized for his individual debt, but the whole share or interest of the indebted partner in the partnership may be seized and sold subject to the payment of the partnership debt. This rule applies to a particular partnership, and is the same rule laid down as applicable to commercial partnerships in the case of *Smith* v. *McMicken*, 3 An. 322.

An injunction will only be perpertuated as issued for some legal cause stated in the petition.

APPEAL from the District Court of the Parish of Lafourche, *Roman*, J.
  *C. Belcher*, for plaintiffs.   *Beatty & Bush*, for defendants and appellants.

BUCHANAN, J.   The police jury of Lafourche having obtained a judgment against one *Brown*, seized under execution property of their debtor, which was adjudicated to him at a second crying, on twelve months' credit. *Brown* gave his bond for the price of adjudication, with *John B. Pittman*, as his security. The bond not being paid at maturity, a writ of *fieri facias* was issued upon the same against *Pittman*, under which the undivided half of certain lands, farming utensils, animals and negroes, being the entire interest of *Pittman* in an agricultural partnership subsisting between himself and *Robert R. Barrow*, under the firm of *Pittman & Barrow*, was seized and advertised for sale.

*John B. Pittman* and *Robert R. Barrow*, both join in a petition for an injunction, which has been granted, to stay the proceedings of the police jury under their said seizure. The grounds alleged for the injunction, are the following :

1st. Because sufficient property had already been seized under a *fi. fa.* issued previously, and never released.

2d. Because the issuing of a second *fi. fa.* and the seizure of property under the same, are contrary to the express agreement of the parties.

3d. Because, under a *fi. fa.* against *J. B. Pittman* solely, the assets of the said partnership could not be seized, and all the property seized belongs to the said partnership, &c.

Upon the first and second grounds for injunction, the evidence disproves the allegations of the petition.

Upon the third ground, the counsel of plaintiffs relies upon the authority of the cases of *Smith* v. *McMicken*, 3 An. 322 ; *Bank of Tennessee* v. *McKeage*, 11 Rob. 130 ; *Carvin* v. *Bates*, 10 An. 756 ; and *Alexander* v. *Burns*, 6 An. 704.

All these cases were seizures of particular assets of a partnership for a debt due by one of the partners. Whereas the present seizure, as the evidence shows, (although there is an allegation in the petition to the contrary,) comprehends the entire interest of *John B. Pittman*, the debtor, in the partnership of *Pittman & Barrow*. Such a seizure is sanctioned by Article 2794 of the Civil Code. And in the earliest of the cases cited, that of *The Bank of Tennessee* v. *McKeage*, the court said : " The interest of a partner in a particular thing, or piece of property belonging to the firm, cannot be seized or attached for his individual debt. An individual creditor cannot, under an execution or attachment, have the half or third of a piece of goods, or other article belonging to the partnership, seized. He must have the whole share or interest of the indebted partner seized, and thus dissolve the partnership, and take the share after the payment of the partnership debts." To the same effect, are the cases of *Cucullu* v. *Manzenal*, 4 N. S. ; *Craft* v. *McKneely*, 1 La. ; *Baca* v. *Ramos*, 10 La. ; *Oliver* v. *Gwin*, 17 La. ; *Nelson*

v. *Connor*, and *Lee & Bullard*, 3 An.; *Harris* v. *Bank of Mobile*, 5 An.; *Carvin* v. *Bates*, 10 An.; and *Davis* v. *Carroll*, 11 An.

The single case of *Smith* v. *McMicken*, 3 An., contains expressions which have been supposed, although erroneously, to conflict with the doctrine thus uniformly held, as well by the bench which decided that case, as by the predecessors and successors of that bench.

The error consists in mistaking the antecedent of the pronoun *it* in two places in the following sentence of the opinion read by Mr. Justice Slidell, as the organ of the court : "From these principles we think it fairly results, that the individual creditor of a partner cannot seize a particular asset, the property of the partnership, nor even the so called interest of the partner in *it*, under the pretext that his debtor has an individual interest in *it*." The two *its* italicised by us in this quotation, evidently refer to *asset*, as their antecedent, and not to *partnership*. The contrary construction would make the last branch of the proposition *obiter dictum*, uncalled for by the case before the court, which, as we have already observed, was a seizure of a particular asset, or of the interest of an individual partner in that asset, and by no means a seizure of that partner's share or interest in the partnership itself. And the presumption is entirely against Judge Slidell's having intended an *obiter dictum*, as at variance with the known caution and acute apprehension of the points in controversy, which distinguished that learned judge. Besides, how can we reconcile the construction given to the case of *Smith* v. *McMicken* by plaintiff's counsel, with the emphatic enunciation of a contrary doctrine on repeated occasions, in the cases cited above, by all of the Judges who took part in the decision of *Smith* v. *McMicken*—not to speak of the express law of Article 2794 of the Civil Code.

We conclude that the District Judge erred in maintaining this ground of injunction.

The property seized should be advertised by the Sheriff, and sold as the share of *John B. Pittman*, in the partnership of *Pittman & Barrow;* for the reason, that the purchaser ought to be informed that he is buying, *not a joint interest in the property*, but *the partnership interest of an individual partner*, and that the property, in his hands, will be subject to the settlement of partnership debts, in a liquidation to be made of the partnership, according to the 2794th Article of the Code.

In this case, the Sheriff has not advertised the property or interest seized, as partnership ; but the plaintiffs have not made this objection a ground for injunction, and are not entitled to have the writ perpetuated for this cause. An injunction will only be perpetuated, as issued, for some legal cause stated in the petition.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; that there be judgment dissolving the injunction herein issued, without damages ; that the Sheriff, in re-advertising the property seized, make mention that the same is the share of *John B. Pittman* in the partnership of *Pittman & Barrow*, to be sold subject to the payment of partnership debts ; and that the plaintiffs and appellees pay the costs in both courts.

MERRICK, C. J., dissenting. Article 2794 C. C. is in these words : " The partnership property is liable to the creditors of the partnership in preference to those of the individual partner ; but the share of any partner may in due course of law be seized and sold to satisfy his individual creditors *subject to the debts of the partnership* ; but the seizure, if legal, operates as a dissolution of the partnership."

PITTMAN
v.
ROBICHEAU.

This Article appears to me to apply as well to particular as commercial part-nerships. In the particular partnership, of course the *partnership creditor* acts directly against the virile shares of each partner ; in the commercial partnership, against the partners *in solido*.

Applying the Article cited to the case before us, we find that the seizure made by the individual creditor of *Pittman* has not been made " subject to the debts of the partnership," as required. There may be debts due the firm, as well as debts due by the firm. If it be conceded that there are no debts due the partnership and that the seizure made in this case of one-half of the plantation, slaves, &c., was a seizure of all the *effects* belonging to the partner in the particular partner-ship, it does not yet show a compliance with the law, and is not the same thing as the seizure of one-half of those effects subject to the partnership debts.

In my opinion, there are two modes in which the seizure in this case might have been made : the one, to seize one undivided half of the partnership effects (according to the terms of the Article) *subject to the debts of the partnership*, and the other to seize the interest of the partner in the partnership, and then the pur-chaser of that interest could apply to the proper court for a liquidation of the partnership debts, and a partition of the surplus. Of these two modes of pro-ceeding, the latter is more in conformity to the spirit of the authors. See Trop., Société, No. 865.

The partnership is looked upon as a fictitious or moral being entirely distinct from each individual partner. *Smith* v. *McMicken*, 3 An. 321, and authorities there cited ; 5 An. 539, 6 An. 704, 11 An. 706.

In the language of the case of *Smith* v. *McMicken*, the partners " are not the owners of the (partnership) property itself, but of the residue which may be left from the entire partnership property after the obligations of the partnership are discharged."

If this be law, (and it seems too firmly established to be disputed,) then the execution is simply directed against the moral being, the partnership, to obtain from the same the effects, rights and credits in its hands belonging to the indi-vidual partner. And the proceeding in execution ought to be conducted as against any other third person having like effects belonging to the judgment debtor.

Now, if we allow the judgment creditor to seize and sell the undivided interest of one of the partners in a particular thing, we ignore the moral being of the partnership, and admit at once that the partner, objectively and passively con-sidered, is the owner, as distinct from the partnership. We do precisely the same thing when we allow a seizure of. all the visible and tangible effects of the part-nership. In the case before us, in order to maintain the seizure, we must admit, with reference to the creditors of the partnership, that *Pittman* is the owner of one undivided half of the plantation and slaves, and that the partnership, con-sidered as a moral person, does not own anything. For if one-half could be seized for the benefit of the individual creditors of *Pittman*, and the other half for the benefit of the individual creditors (if any) of *Barrow*, the creditors of the partnership would be without redress, and the purchaser would take the property free of all incumbrance. For if a legal sale can be made of the undivided interest of an individual partner in any or all the partnership effects, the preference given the partnership creditor is gone, because it does not appear to be one of those privileges which can be preserved by registry, and which follow the property into the hands of third persons acquiring the same.

It is proper to observe, that I have never understood the case of *Smith* v. *Mc-Micken* otherwise than as interpreted by my colleagues. I consider the rule adopted in that case a safe one, and that it is applicable to particular as well as commercial partnerships. I deduce from it these propositions:

1st. That with reference to the creditors of the partnership, and the individual creditors of each partner, the partnership is a fictitious and moral being, the owner of the partnership effects.

2d. That the individual creditor of any one of the partners cannot, as a consequence, seize the undivided interest of one of the partners in " a particular asset" of the partnership, nor of the undivided interest of the partner in any specific number of effects of the partnership, although it may constitute the entire active means of the concern, because they do not belong to the individual partner, and

3d. That the only way to make a seizure to pay the debt of an individual partner is to seize his undivided interest in the partnership effects subject to the payment of the partnership debts, or, which is the same thing, to seize the undivided interest of the partner in the partnership, which would give the purchaser the residuum after the payment of the debts and liquidation of the partnership affairs.

Now the conclusions of my colleagues seem to coincide with one of the modes of seizure which I admit to be valid, and I should not have much hesitation in concurring, but the decree seems to me to fall short of the argument.

The Sheriff says nothing in reference to the partnership in his seizure. He simply seizes the one undivided half of certain tracts of land; the undivided half of the mules, carts and plantation implements, and the undivided half of the negroes, described by their names and ages.

The seizure forms a part of the record, and is the basis of the title of the purchaser at the Sheriff's sale. The sale, when made, refers back to the seizure. The notice of sale and advertisements are never permitted to control the seizure nor do they properly form part of the Sheriff's return.

An informal or illegal seizure cannot be enlarged or rendered valid by the advertisement.

Now, in the case before us, the seizure and notice of seizure do not indicate that the property was seized subject to the payment of the partnership debts, nor even that it was partnership property. Neither are the active debts of the partnership seized, if there are any; there being no proof in the record on the subject of the active or passive debts.

The debtor who is bound in warranty is interested, that his property shall be seized in accordance with his rights in it, and he ought not to be subjected to subsequent actions in warranty, growing out of a sale of incumbered interests.

I think the judgment of the lower court ought to be affirmed. The plaintiffs allege that " under a *fi. fa.* against *J. B. Pittman*, solely, the assets of said partnership could not be seized," &c. The petition contains a prayer for general relief, and the evidence in my opinion makes out the plaintiffs' case.

COLE, J., concurred in this opinion.