Rubio, Demandante y Apelada, Charvounier, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de desahucio.

No. 1075.—Resuelto en abril 24, 1914.

Exposición del Caso—Falta de Aprobación de la Misma.—Una exposición del caso inserta en la transcripción de autos que carece de la aprobación del juez sentenciador no puede ser tomada en consideración y es lo mismo que si no se hubiera presentado.

Opinión del Juez Sentenciador—Hechos Consignados en la Misma—Falta de Exposición del Caso.—Los hechos consignados en la opinión del juez sentenciador como resultantes del juicio no pueden servir de base al tribunal de apelación para deducir si se cometió error de derecho en la sentencia, pues en el supuesto de que semejantes hechos no justificaran la resolución apelada, podría ésta sostenerse por otros hechos demostrados en el juicio y desconocidos a la corte de apelación por falta de exposición del caso.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. Antonio Trujillo.*

Abogados de la apelante: *Sres. Luis Muñoz Morales y José Martínez Dávila.*

El Juez Presidente Sr. Hernández, emitió la opinion del tribunal.

Con fecha 15 de julio de 1913 presentó demanda Josefa Rubio contra Dolores Charvounier sobre desahucio, en que alega como hechos fundamentales de su acción que es usufructuaria de un solar de la propiedad de la Sucesión Guerra, radicado en la calle de Hormiguero del barrio de Santurce, término municipal de San Juan, y que la demandada sin el consentimiento de la demandante ha montado en él una casa de maderas, detentando la posesión de dicho solar precariamente, por lo que solicita se ordene a la demandada que desaloje el referido solar.

La demandada Dolores Charvounier negó los hechos de la demanda, y como materia nueva alegó que con el consentimiento y orden expresa de los representantes de la Suce-

sión Guerra, trasladó a un solar propiedad de dicha sucesión, radicado en la calle de Hormigueros, una casa de maderas del país de que la demandada era dueña, ocupando en su consecuencia el repetido solar en concepto de arrendataria de la Sucesión Guerra, a cuyo representante paga el canon de alquiler correspondiente.

Celebrado el juicio, la corte dictó sentencia en 13 de septiembre de 1913, por la que declaró con lugar la demanda y condenó a la demandada a que desaloje el solar de que se trata dentro del término de veinte días, bajo apercibimiento de lanzamiento por el márshal si así no lo verificase, con las costas a cargo de la parte demandada.

Contra esa sentencia interpuso la demandada recurso de apelación para ante esta Corte Suprema, y en su alegato escrito dice que las únicas cuestiones de derecho a discutir y resolver en el recurso son las siguientes: (*a*) si un arrendatario puede ser perturbado en la posesión por el mismo dueño; (*b*) si el arrendatario tiene acción contra el perturbador o contra el dueño; (*c*) si en el caso concurren los requisitos o hechos necesarios para fundar una acción de desahucio. Y tomando por guía los hechos que estima probados en el juicio, llega a la conclusión de que la ley ha sido erróneamente aplicada por el juez, y debe revocarse la sentencia apelada, desestimando la demanda de desahucio sin perjuicio de la acción que la demandante pueda ejercitar en el juicio correspondiente, para hacer valer la prioridad de su título como arrendataria.

Aparece en los autos lo que se dice ser una exposición del caso, pero está firmada únicamente por el abogado de la parte apelante, y carece de la aprobación del juez. No podemos tomarla en consideración, y es lo mismo que si no se hubiera presentado. *Sucesores de Andreu y Cía.* v. *Sucesión Martínez,* 16 D. P. R., 80; y *Axtmayer* v. *Ortiz,* 19 D. P. R., 499.

El juez inferior, cumpliendo con el precepto del artículo

227 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 aprobada en 9 de marzo de 1911, hizo una relación del caso que obra en el récord, exponiendo los hechos según estimó que resultaban del juicio y dando las razones en que fundaba su decisión; pero no nos es permitido partir de esos hechos para deducir si el juez se equivocó en la aplicación del derecho, pues en el supuesto, que no discutimos, de que semejantes hechos no justificaran su resolución, podría haber otros hechos demostrados en el juicio, desconocidos para nosotros, que la justificaran. *Díaz Caneja* v. *La Administración,* 11 D. P. R., 203. La corte sentenciadora se limita a consignar en la relación de hechos la apreciación particular que le merece el resultado de las pruebas, y como esa apreciación puede ser equivocada o deficiente, no puede tomarse como base para llegar a la revocación solicitada

El Código de Enjuiciamiento Civil en sus artículos 214 y 216, y en el 299, tal como quedó enmendado por la Ley No. 70 ya citada, de 9 de marzo de 1911, establece la forma especial de constatar ante la Corte Suprema en grado de apelación las pruebas practicadas en la corte inferior, y las partes no son árbitras de alterar las reglas del procedimiento, ni las cortes pueden sancionar tal alteración.

Examinadas las alegaciones de la demanda y de la contestación en relación con la sentencia recurrida, y prescindiendo, como debemos hacerlo, de la llamada exposición del caso, tenemos que llegar a la conclusión de que los hechos y la ley favorecen a la parte demandante, por no habérsenos demostrado en forma debida lo contrario, y que en su virtud procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.