ALBITE, DEMANDANTE Y APELANTE, v. LECUMBERRI, DEMAN-
DADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en causa sobre daños y perjuicios.

No. 1328.—Resuelto en julio 20, 1915.

SENTENCIA—CUESTIONES DE HECHO—EXPOSICIÓN DEL CASO O PLIEGO DE EXCEP-
CIONES—CONFIRMACIÓN DE LA SENTENCIA.—Cuando la sentencia dictada por
la corte inferior descansa en cuestiones de hecho y éstas no han sido certifi-
cadas por medio de una exposición del caso o pliego de excepciones, procede
la confirmación de la sentencia apelada.

DAÑOS Y PERJUICIOS—CUESTIONES YA DISCUTIDAS EN UN PLEITO ANTERIOR—
COSA JUZGADA.—Cuando la cuestión relativa a daños y perjuicios sufridos ha
sido ya discutida y resuelta en un pleito anterior, la sentencia en él dictada
constituye cosa juzgada.

OPINIÓN—FUNDAMENTOS DE LA SENTENCIA—EXPOSICIÓN DEL CASO O PLIEGO DE
EXCEPCIONES.—Si bien la opinión es de utilidad para conocer los funda-
mentos de la sentencia, no puede ser usada en substitución de un pliego de
excepciones o exposición del caso.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Rafael López Landrón.

Abogado del apelado: Sr. Damián Monserrat, Jr.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En este caso la corte inferior dictó sentencia contra el
demandante basada en cuestiones de hecho. Ninguno de los
hechos han sido certificados a este tribunal por medio de una
exposición del caso o pliego de excepciones y por tanto la
sentencia que en realidad procede debe ser confirmando la ape-
lada, por no constar en los autos la prueba que sirvió de base
a la sentencia de la corte inferior.

Aparece de las alegaciones que en 5 de marzo de 1914,
la corte inferior dictó en otro pleito sentencia decretando res-
cindido un contrato y concediendo a la parte demandante en
dicho caso por vía de indemnización, la cantidad de $2.25, que
han sido los únicos daños satisfactoriamente probados. En
este caso fué presentada la demanda para recobrar otros
daños, frutos o productos que siguieron a la rescisión del
referido contrato. La corte inferior en su opinión declaró

no solamente que no procedía la indemnización por los daños y perjuicios, frutos o productos, sino también que toda la cuestión era *cosa juzgada*. Aun cuando pudiéramos considerar la opinión de la corte inferior para examinar la cuestión referente a *cosa juzgada*, todavía tendríamos que confirmar la sentencia por lo que respecta a la prueba de daños y perjuicios. Nos inclinamos además a opinar con la corte inferior que habiendo sido discutida ya la cuestión con respecto a los daños en el pleito anterior, la sentencia dictada en el primer caso constituía *cosa juzgada*.

Sea como fuere, este tribunal únicamente puede considerar los hechos que le han sido certificados mediante una exposición del caso o pliego de excepciones. La opinión es de utilidad para determinar los fundamentos de la corte inferior, pero no debe ser usada en substitución de la certificación de los hechos como lo exige la ley. Véase la razonada resolución de este tribunal en el caso de *Calzada* v. *Pagán*, de marzo 23, 1915.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó "conforme con la sentencia."