## GUERRA ET AL., DEMANDANTES Y APELANTES, *v.* ACHA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera en pleito sobre cobro de dinero, inexistencia de contratos y otros extremos.

No. 1910.—Resuelto en julio 15, 1919.

APELACIÓN—EXPOSICIÓN DEL CASO O PLIEGO DE EXCEPCIONES—OPINIÓN DEL JUEZ SENTENCIADOR (FINDINGS OF FACT).—La opinión del juez sentenciador (*findings*) no es bastante para sustituir en apelación la exposición del caso debidamente certificada. Así, pues, cuando la sentencia descansa en cuestiones de hecho y éstas no han sido certificadas en una exposición del caso o pliegos do excepciones, procede la confirmación de la sentencia apelada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Sarmiento, Rodríguez Serra & Puig.*

Abogado del apelado: *Sr. Enrique Rincón Plumey.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la transcripción de la apelación establecida por los demandantes contra la sentencia adversa para ellos dictada por la corte inferior no se nos ha presentado una exposición del caso conteniendo las pruebas presentadas en el juicio, pero los apelantes, tomando como base para su recurso de apelación los hechos declarados probados por el juez sentenciador en la opinión que escribió para fundamentar su sentencia, sostiene que ésta debe ser revocada y dictada otra de acuerdo con lo solicitado en su demanda porque no es la consecuencia legal de dichos hechos. Aunque los apelados parten de dichos hechos probados para sostener la sentencia, sin embargo, llaman la atención de este tribunal al hecho de que la apelación no ha venido tan completa que nos permita apreciar toda la prueba como fué desarrollada en el juicio, porque no se ha traído ante nosotros una exposición del caso.

En vista de lo expuesto 'surge la cuestión de si a pesar

de no existir una exposición del caso podemos resolver esta apelación tomando por base, como han hecho los apelantes, los hechos declarados probados por el juez sentenciador para considerar y decidir si la ley fué correctamente aplicada.

Esta cuestión no es nueva en este tribunal pues en el caso de *Rubio* v. *Charbounier,* 20 D. P. R. 315, después de haber resuelto que no podíamos tomar en consideración la exposición del caso que se había presentado por estar firmada únicamente por el abogado de la parte apelante, careciendo de la aprobación del juez, consideramos la cuestión de si podíamos resolver el recurso teniendo en cuenta las conclusiones de hecho consignadas en la opinión de la corte inferior y con tal motivo dijimos lo siguiente:

"El juez inferior, cumpliendo el precepto del artículo 237 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 aprobada en 9 de marzo de 1911, hizo una relación del caso que obra en el récord, exponiendo los hechos según estimó que resultaban del juicio y dando las razones en que fundaba su decisión; pero no nos es permitido partir de esos hechos para deducir si el juez se equivocó en la aplicación del derecho, pues en el supuesto, que no discutimos, de que semejantes hechos no justificaran su resolución, podría haber otros hechos demostrados en el juicio, desconocidos para nosotros, que la justificaran. *Díaz Caneja* v. *La Administración.* 11 D. P. R. 203. La corte sentenciadora se limita a consignar en la relación de hechos la apreciación particular que le merece el resultado de las pruebas y como esa apreciación puede ser equivocada o deficiente, no puede tomarse como base para llegar a la revocación solicitada."

En el caso de *Albite* v. *Lecumberri,* 22 D. P. R. 856, se declaró que este tribunal sólo puede considerar los hechos que le han sido certificados mediante una exposición del caso o pliego de excepciones y que la opinión del juez inferior es de utilidad para determinar los fundamentos de su sentencia pero que no debe ser usada en sustitución de la certificación de los hechos como lo exige la ley. En el caso de *Paganacci* v. *Lebrón,* 24 D. P. R. 1916, se hizo un detenido

estudio de la cuestión referente a las conclusiones de hecho de la corte inferior, y estimamos' que no tiene aquí el alcance que tales conclusiones tienen en California, y se sostiene que el precepto específico para la revisión de los hechos es todavía una exposición del caso o pliego de excepciones.

Siguiendo, pues, nuestra jurisprudencia en los casos citados, tenemos que llegar a la conclusión de que no pudiendo tomar como base los hechos declarados probados por el juez inferior para decidir si a ellos fué aplicada correctamente la ley, tenemos que confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison disintió.