POLANCO, DEMANDANTE Y APELADO, *v.* GOFFINET, DEMANDADOS
Y APELADOS, Y PORTELA ET AL., FIADORES Y APELANTES.

No. 2844.—*Visto:* Enero 25, 1924. *Resuelto:* Junio 11, 1924.

EJECUCIÓN DE SENTENCIA—CRÉDITOS REFACCIONARIOS—BIENES NO SUJETOS A EJE-
CUCIÓN.—Los contratos refaccionarios, sujetos como están a las resultas de
las cosechas y liquidación, por lo general no están sujetos a ejecución.

FIANZA—EXCUSIÓN—CRÉDITOS REFACCIONARIOS.—Los fiadores que invocan el bene-
ficio de excusión no solamente deben probar que hay bienes del fiado sujetos
a ejecución, sino que la propiedad debe ser especificada.   No es bastante con
decir que existen créditos refaccionarios, suponiendo que puedan ejecutarse,
sino que deben hacerse referencias más específicas de manera que un márshal
pueda saber a dónde debe dirigirse.

APELACIÓN—OPINIÓN DE LA CORTE—TRANSCRIPCIÓN DEFICIENTE.—La opinión de
la corte inferior no puede sustituir a la certificación de los hechos.

ID.—SEÑALAMIENTO DE ERRORES—ALEGATO DEL APELANTE.—No es bastante con
demostrar que la sentencia o actuación de la corte es errónea por haber dejado
de observar algún precepto de ley, sino que el señalamiento debe contener
algún hecho o hechos que suministren una base aparente para la revocación.

NULIDAD DE PROCEDIMIENTO EJECUTIVO HIPOTECARIO—ORDENES DICTADAS DESPUÉS
DE SENTENCIA.—Los apelantes sostienen en este caso que varias órdenes dic-
tadas después de la sentencia y para proceder a su ejecución, contenían pro-
nunciamientos que no estaban incluídos en la sentencia misma.   *Se resolvió:*
que en un procedimiento de nulidad la corte tiene amplias facultades para
restituir el *status quo.*

ID.—FIANZAS—ASEGURAMIENTO DE LA SENTENCIA DE NULIDAD.—Cuando se confis-
can las fianzas prestadas para asegurar la efectividad de la sentencia de
nulidad de ejecutivo hipotecario y daños y perjuicios, ni la disposición del
dinero importe de las fianzas ni el hecho de que en el procedimiento de confis-
cación no estuvieran ante la corte todas las partes necesarias, afectan a los
fiadores.

SENTENCIA de *Pablo Berga,* J. (Humacao), confiscando fianzas pres-
tadas para dejar sin efecto retención del importe de un crédito
hipotecario.   *Confirmada.*

*H. G. Molina,* abogado de los apelantes; *J. Vendrell,* abogado de los
demandados-apelados; *Sarmiento & Puig,* abogados del deman-
dante-apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

En mayo 21, 1919, la Corte de Distrito de Humacao dictó
sentencia por la cual, en una acción entablada con tal fin,
fué decretada la nulidad de un procedimiento ejecutivo hi-
potecario.   En el primitivo procedimiento hipotecario de

acuerdo con el artículo 175 del reglamento para la ejecución de la Ley Hipotecaria la corte, después de avisar del pleito de nulidad, puede, mediante la debida petición, ordenar la retención de la cantidad del procedimiento ejecutivo. El precio en este caso que asciende a la suma de $19,202 fué consignado en la corte por los compradores José y Jacinto Polanco. El efecto de tal orden es verificar un embargo sobre el precio de compra, y los acreedores Goffinet, para poder obtener el levantamiento del embargo de este precio de venta, prestaron de acuerdo con el referido artículo 175, dos fianzas cada una por la suma de $9,601, siendo suscritas las expresadas fianzas por dos fiadores diferentes.

La sentencia de nulidad dictada en mayo 21, 1919, *supra,* fijaba también la cantidad por concepto de daños y perjuicios contra los allí demandados, hermanos Goffinet, en la suma de $9,923. Para levantar el embargo trabado para asegurar los daños y perjuicios por la expresada suma, los demandados Goffinet prestaron otra fianza con fiadores.

En los autos no se ha incluido copia de estas fianzas, ni certificados a nosotros en ninguna forma, y el único conocimiento que de ellas tenemos son ciertas admisiones hechas por el apelado y ciertas manifestaciones contenidas en las varias órdenes de la corte a las cuales nos referiremos inmediatamente.

Después que la sentencia de mayo 21, 1919, fué finalmente confirmada y había quedado enteramente sujeta a ejecución, el demandante Polanco trató de hacerla cumplir. La corte expidió varias órdenes en las cuales en el análisis final, los varios fiadores fueron citados para comparecer y mostrar causa por las cuales no debían consignar en la corte las distintas cantidades de que eran respectivamente responsables. Todos comparecieron y presentaron varias defensas que discutiremos. Ninguna de estas defensas fué considerada válida por la corte, la cual, en 18 de julio, 1922, dictó sentencia ordenando la confiscación de las fianzas y el pago en la corte de las distintas cantidades garantizadas.

En apelación los dos primeros señalamientos de error se refieren a la necesidad de hacerse la excusión de los bienes efectivos de los principales demandados Goffinet. Una manifestación contenida en la opinión que acompaña a la sentencia de julio 10, 1922, muestra que el apoderado de los demandados Goffinet había declarado que dichos demandados, si bien tenían créditos refaccionarios montantes a la suma de $80,000 pendientes en Puerto Rico, no tenían bienes en el país sujetos a ejecución. Suponiendo que podemos considerar como hechos las precedentes manifestaciones de la opinión, es evidente que no hay nada que acredite que los demandados Goffinet tenían bienes sujetos a ejecución. Los contratos refaccionarios, sujetos como están a las resultas de las cosechas y liquidación, por lo general no están sujetos a ejecución. Si pudieron ejecutarse fué, según veremos, obligación de los fiadores hacer tal demostración.

Ni los apelantes ni apelados nos han hecho referencia a las partes aplicables del Código Civil, pero suponemos que son los artículos 1731-33, a saber:

"Art. 1731.—El fiador no puede ser compelido a pagar al acreedor sin hacerse antes excusión de todos los bienes del deudor.

"Art. 1732.—La excusión no tiene lugar:

"1. Cuando el fiador haya renunciado expresamente a ella.

"2. Cuando se haya obligado solidariamente con el deudor.

"3. En el caso de quiebra o concurso del deudor.

"4. Cuando éste no pueda ser demandado judicialmente dentro de Puerto Rico.

"Art. 1733.—Para que el fiador pueda aprovecharse del beneficio de la excusión, debe oponerlo al acreedor luego que éste le requiera para el pago, y señalarle bienes del deudor realizables dentro de la Isla de Puerto Rico, que sean suficientes para cubrir el importe de la deuda."

Hemos interpretado estos artículos en el caso de *Fantauzzi* v. *Vázquez*, 22 D.P.R. 721. Los fiadores no solamente deben probar que hay bienes sujetos a ejecución, sino que la propiedad debe ser especificada. No es bastante con decir que existen créditos refaccionarios, suponiendo que puedan

ejecutarse, sino que deben hacerse referencias más específi-
cas de manera que un márshal pueda saber a dónde debe
dirigirse.

Los apelados, sin embargo, insisten debidamente en que
no tenemos medios adecuados para revisar los procedimien-
tos de la corte inferior, toda vez que los hechos que tuvo di-
cha corte ante su consideración no han sido certificados a
este tribunal. Los apelantes se refieren a una manifesta-
ción hecha por el apoderado de los demandados Goffinet se-
gún la cual existen créditos refaccionarios. Esta manifes-
tación no está contenida en los autos. Con excepción de
la indicación a que se ha aludido la manifestación del apo-
derado no aparece en la opinión de la corte, si es que en
ella puede descansarse en demostración de tal hecho. Al
efecto de que no puede descansarse en la opinión con tal
objeto, nos cita el apelado los casos de *Torres* v. *Vidal*, 28
D.P.R. 421; *Guerra* v. *Acha*, 27 D.P.R. 688; *Paganacci* v.
*Lebrón*, 24 D.P.R. 796; *Albite* v. *Lecumberri*, 22 D.P.R.
856; *Rubio* v. *Charvounier*, 20 D.P.R. 315, los que deciden
la cuestión. Estas consideraciones resuelven los dos prime-
ros señalamientos de error.

El tercer señalamiento es como sigue:

"La Corte de Distrito de Humacao cometió error de derecho al
aplicar indebidamente el artículo 175 del Reglamento para la eje-
cución de la Ley Hipotecaria y la sección 16 de la ley para asegu-
rar la efectividad de la sentencia, según fué enmendada por la ley
número 27 de 1916, en cuanto a los fiadores apelantes José Ramí-
rez Muñoz y Cándido Ramírez Muñoz y Miguel Quiñones Cabezudo
y Manuel Portela."

Este señalamiento de error únicamente es aplicable a los
fiadores por el precio de venta en la suma de $19,202. Los
fiadores por la suma de $9,923 no han sido incluídos de
modo alguno.

Es dudoso si este tercer señalamiento de error por falta
de la debida especificación debe siquiera ser considerado.
No es bastante con demostrar que la sentencia o actuación

de la corte es errónea por haber dejado de observar tal o cual precepto de ley, sino que el señalamiento debe contener algún hecho o hechos que suministren una base aparente para la revocación.

Los apelantes sostienen que las varias órdenes dictadas después de la sentencia de mayo 21, 1919, y para proceder a su ejecución, contenían pronunciamientos que no estaban incluidos en la sentencia misma. En un procedimiento de nulidad, sin embargo, creemos que la corte tiene amplias facultades para restituir el *statu quo.*

Una queja más específica y respecto a la cual esta corte ha tenido cierta duda, es que la sentencia de mayo 21, 1919, no sólo ordenaba que fuera satisfecho en la corte el precio de venta de $19,202 por los distintos fiadores, sino que al propio tiempo disponía que dichas cantidades debían ser satisfechas al márshal quien había de pagar dicha suma a los hermanos Polanco, primitivos compradores de la propiedad hipotecada, con el fin de que ellos entregaran la propiedad hipotecada originalmente al deudor Polanco. Los apelantes insisten en que la corte no tenía derecho a ordenar el pago de los $19,202 en esta forma y que los hermanos Polanco no eran partes en el procedimiento y no podían quedar afectados por la orden.

Aquí otra vez encontramos el obstáculo de que todos los procedimientos en el pleito de nulidad en el cual este procedimiento especial fué establecido, no han sido certificados a esta corte. No podemos saber definitivamente si los hermanos Polanco fueron o nó hechos partes. Estamos dispuestos a sostener, sin embargo, que la corte bajo sus amplios poderes puede hacer las gestiones necesarias para restituir el *statu quo* y ordenar a los compradores que restituyan la propiedad al demandante Polanco al serles satisfecho el precio y con tal fin estamos obligados, bien a asumir que los hermanos Polanco o estuvieron debidamente ante la corte, o todavía puede hacérseles parte mediante moción de acuerdo con los artículos 36 y 74 del Código de Enjuiciamiento Civil.

En relación con esto véase el reciente pronunciamiento hecho por la Corte de Circuito de Apelaciones, Primer Circuito, en el caso de *Gandía* v. *P. R. Fertilizer Co.*, 291 F. 18.

Al suscribir los fiadores las fianzas en las cuales los hermanos Goffinet quedaron relevados del pago del precio, dichos fiadores estaban obligados a conocer el estado de la ley y especialmente las disposiciones del referido artículo 175 de acuerdo con el cual el precio como fué embargado sería retenido normalmente para ser devuelto a los compradores en caso de prosperar la demanda en el procedimiento de nulidad.

Además, el pronunciamiento requiriendo a los fiadores verificar el pago en la corte es absoluto en su forma; las fianzas de los fiadores han sido confiscadas y se les requiere hacer el pago de las varias cantidades al márshal quien ha de retener las mismas a los fines que en dicho pronunciamiento se expresan. La disposición subsiguiente del dinero, sin embargo, no afecta a los fiadores, y su fianza quedará cancelada si cumplen con la orden. El hecho de que las partes necesarias posiblemente no estén ante la corte no afecta a los fiadores.

Cualesquiera que sean las dudas que podamos tener, debe confirmarse la sentencia apelada en vista del estado incompleto de los autos y especialmente por la falta de las fianzas.

La sentencia apelada debe ser *confirmada.*

El Juez Asociado Sr. Hutchison firmó: Conforme con la sentencia.