GUILLERMO TORRUELLA SERRALLÉS, ETC., demandante, *v.* CRÉDITO E INVERSIONES SAN MIGUEL, INC., demandada.

*Número:* O-82-298      *Resuelto:* 27 de mayo de 1982

*José Raúl Cancio Bigas* de *Rodríguez Ramón, Peña & Cancio,* abogado del demandante; *Francisco Ponsa Feliú* y otros, abogados de la demandada.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El Tribunal de Apelaciones de Estados Unidos para el Primer Circuito ha sometido a nuestra consideración las cuestiones siguientes de derecho bajo el procedimiento de certificación, *Gual Morales* v. *Hernández Vega*, 604 F.2d 730, 732–733 (1st Cir. 1979):

1. ¿Exige el Código Civil de Puerto Rico que el acreedor particular de un miembro de una sociedad civil haga excusión de otros bienes del deudor antes de embargar y rematar la parte de éste en el fondo social?

2. De ser ello así, ¿debe el acreedor afirmar o probar que ha satisfecho tal exigencia antes de proceder al embargo o le corresponde al deudor o a otra parte, si le interesa, plantear como defensa el incumplimiento del requisito?

Según señala el Tribunal de Apelaciones, estas interrogantes surgen al reclamarse en un procedimiento de quiebra contra un miembro de una sociedad civil la nulidad del previo embargo de su parte en el fondo social por un acreedor particular del socio. Examinemos la primera pregunta.

El Art. 1590 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4373, dispone:

> Los acreedores de la sociedad son preferentes a los acreedores de cada socio sobre los bienes sociales. Sin perjuicio de este derecho, los acreedores particulares de cada socio pueden pedir el embargo y remate de éste en el fondo social.

La fuente inmediata de esta disposición es el Art. 1699 del Código Civil español, cuyo texto es idéntico al citado. Ni este Tribunal ni el Tribunal Supremo de España han emitido juicio directo sobre la necesidad o no de hacer excusión de los bienes del deudor como condición al derecho del acreedor particular del socio a embargar el fondo social.

Exploremos la historia del Art. 1699 del Código Civil español por la luz que ello pueda arrojar sobre el asunto bajo estudio.

El Art. 1699 proviene del Art. 1594 del proyecto de Código Civil para España, terminado en 1851 por Florencio García Goyena. El texto es sustancialmente igual, con leves diferencias de estilo, excepto que al final se añade: "en cuyo caso habrá lugar á la disolución de la sociedad, y el socio que la ocasione responderá de los daños y perjuicios, si se verificase en tiempo inoportuno." F. García Goyena, *Concordancias, Motivos y Comentarios del Código Civil Español,* (reimpresión de la edición de Madrid, 1852) Zaragoza, Cometa, S. A., 1974, pág. 832. La omisión de la primera de estas dos cláusulas al aprobarse en 1888 el Código Civil español no es significativa, ya que el ordinal tercero del Art. 1700, cuyo texto corresponde exactamente al Art. 1591(3) de nuestro Código Civil, 31 L.P.R.A. sec. 4391(3), provee que la sociedad se extingue en el caso previsto en el Art. 1590, antes citado. La última frase ("y el socio que la ocasione. . .") no formaba parte del artículo utilizado por García Goyena como fuente directa de su propuesta. Se advertirá que la omisión, al menos ostensiblemente, condicionó el derecho del acreedor particular del socio tan solo a la preferencia de los acreedores de la sociedad. Se eliminó el requisito de que el embargo y el remate causantes de la disolución se verificasen en tiempo "oportuno".

El Art. 1594 del proyecto de código de 1851 se fundó en el Art. 2794 del Código Civil de la Luisiana de 1825. García Goyena, *op. cit.* Este artículo se reprodujo en el código de 1870 y es la base del Art. 2823 actual, 12 *West's Louisiana Statutes Anno.,* Art. 2823, el cual provee:

> The partnership property is liable to the creditors of the partnership, in preference to those of the individual partner; but the share of any partner may, in due course of law, be seized and sold to satisfy his individual creditors, subject to

the debts of the partnership; but such seizure, if legal, operates as a dissolution of the partnership.

Contrario a lo que usualmente ocurre con el Código Civil de la Luisiana, el artículo citado no tiene equivalente en el Código Civil francés de 1804, aunque algunos comentaristas franceses se han ocupado del problema. O'Neal, *An Appraisal of the Louisiana Law of Partnership*, 9 La. L. Rev. 450 (1949). Estamos, por tanto, ante uno de los pocos casos de influencia directa del Código Civil de la Luisiana en la redacción del Código Civil español. (El Art. 1274 del antiguo Código Civil portugués tenía disposiciones análogas.) En las grandes recopilaciones que anteceden al Código Civil español —la Novísima Recopilación, la Nueva Recopilación, las Leyes de Toro, las Siete Partidas, el Fuero Real, el Fuero Juzgo y tantas otras— no hay disposición alguna equivalente al actual Art. 1699. Importa, en consecuencia, para intentar recrear el clima en que se redactó este artículo del Código Civil español, considerar, entre otros factores, la interpretación contemporánea del artículo correspondiente en la Luisiana.

En *Pittman & Barrow* v. *E. G. Robicheau*, 14 La. Ann. 108 (1859), la corte validó el embargo por el acreedor particular de un socio de su participación total en el fondo común y autorizó su venta, sujeto a la liquidación de las deudas de la sociedad. No se hizo indicación alguna, aunque el asunto no fue objeto de consideración, de que el derecho del acreedor estuviese supeditado al requisito de excusión de otros bienes del deudor. Véanse: *B. W. Marston & Co.* v. *Dewberry*, 21 La. Ann. 518 (1869); *Levy & Sugar* v. *Cowan & Mayo and Mayo & Hodge*, 27 La. Ann. 556 (1875); *Bank of Tennessee* v. *McKeage*, 11 Rob. 130 (1845). Si bien el acreedor podía embargar el interés de su deudor en el fondo social, su poder no alcanzaba al embargo de la parte del socio en bienes específicos de la sociedad. *Smith* v. *McMicken*, 3 La. Ann. 319 (1848), según aclarado en *Robicheau*, supra. No hemos hallado sentencia alguna de la Luisiana de la

época que impusiese el requisito de excusión como condición para el ejercicio por el acreedor de sus derechos bajo el Art. 2823 del Código Civil de la Luisiana. Según señalaremos más adelante, este artículo refleja la jurisprudencia francesa de la época, en ausencia de disposición especial sobre el tema en el código napoleónico.

Otro factor a considerar es que en el Código de Comercio español de 1885, tres años antes de la proclamación del Código Civil de España, se les había negado a los acreedores particulares de los socios el derecho a embargar y rematar la participación de éstos en el fondo social. El Art. 174 del Código de Comercio español, cuyo primer párrafo es idéntico al Art. 137 de nuestro Código de Comercio, 10 L.P.R.A. sec. 1435, disponía:

> Los acreedores de un socio no tendrán, respecto á la compañía, ni aun en el caso de quiebra del mismo, otro derecho que el de embargar y percibir lo que por beneficios ó liquidación pudiera corresponder al socio deudor.[1]

Los acreedores de un socio no pueden alcanzar su interés en el patrimonio social hasta la liquidación definitiva.

Debe tenerse en cuenta también que el procedimiento de excusión de bienes no era desconocido en el Derecho español. El Art. 1830 del propio Código Civil español, idéntico al 1729 nuestro, 31 L.P.R.A. sec. 4891, expresaba:

> El fiador no puede ser compelido a pagar al acreedor sin hacerse antes excusión de todos los bienes del deudor.

El Art. 1832, equivalente al 1731 nuestro, 31 L.P.R.A. sec. 4893, afirmaba a su vez:

> Para que el fiador pueda aprovecharse del beneficio de la excusión, debe oponerlo al acreedor luego que éste le requiera para el pago, y señalarle bienes del deudor realizables dentro del territorio español [la referencia en nuestro Código es

---

[1] El segundo párrafo del Art. 174, aplicable a las compañías constituidas por acciones, no es pertinente al asunto que nos ocupa.

naturalmente al Estado Libre Asociado], que sean suficientes para cubrir el importe de la deuda.

El antiguo Derecho español conoció también estos principios. Véase la ley 9na, título 12° de la Partida 5ta. Bajo el Art. 85 del Código italiano de Comercio de 1882, del que deriva el Art. 2270 del actual Código Civil italiano, se había extendido, además, el concepto de la excusión de bienes al caso específico del acreedor particular de un socio. G. Ferri, *Delle Società*, 2da ed. (parte de la obra de A. Scialoja y G. Branca, *Commentario del Codice Civile*), Roma, Soc. Ed. del Foro Romano, 1968, pág. 197 *et seq.* Este principio se recogió en el Art. 237 del Código de Comercio español, equivalente al Art. 156 del nuestro, 10 L.P.R.A. sec. 1469.

De lo anterior se desprenden varias conclusiones. Primera, el Derecho español y el puertorriqueño establecen una distinción tajante entre la sociedad civil y la mercantil respecto a las facultades que le asisten al acreedor particular de un socio. Segunda, en la sociedad civil, distinto a la mercantil, puede el acreedor pedir el embargo y remate de la parte correspondiente a su deudor en el fondo social sin aguardar a la liquidación de la sociedad. Por el contrario, su acto inicia inmediatamente el proceso de liquidación, sujeto a las condiciones a que nos referiremos posteriormente. Tercera, la ausencia de alusión en el Art. 1699 del Código Civil español (1590 nuestro) a requisito alguno de excusión de bienes no constituye una laguna o inadvertencia, sino una acción deliberada. Los redactores del Código conocían la institución, la utilizaron en el caso de la fianza y en otros casos, pero se abstuvieron de emplearla al tratar el problema de las acreencias particulares de los socios para con terceros. Acudieron en vez a una fuente poco usual para ellos: el Código Civil de la Luisiana.

Los comentaristas españoles son notablemente parcos en la discusión del tema que nos ocupa. Únicamente hemos hallado un autor que afirma, sin expresión de las razones

para su aserto, que para acudir al embargo y remate de que habla el Art. 1699 hay que hacer antes excusión del patrimonio particular del socio. J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1956, T. II, Vol. 2, pág. 431; mas véase: J. Ponsa Gil, *Sociedades civiles, mercantiles, corporativas y de seguros*, 2da ed., 1923, Vol. I, pág. 132. Los comentaristas españoles generalmente reconocen, al igual que hace el código, que puede embargarse y rematarse, a causa de una deuda particular, la participación de un socio en el caudal común, aceptan que ello provoca la entrada de la sociedad en un período de liquidación y, sin discusión expresa del asunto, no imponen requisito alguno de excusión de bienes como condición al embargo y remate. J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 10ma ed., Madrid, Ed. Reus, 1977, T. IV, pág. 597 *et seq.*; J. M. Manresa, *Comentarios al Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1972, T. XI, pág. 538 *et seq.*; Q. M. Scaevola, *Código Civil*, Madrid, Ed. Reus, 1933, T. XXV, pág. 459 *et seq.*; J. Girón Tena, *Derecho de Sociedades*, Madrid, Artes Gráficas Benzal, 1976, T. I, pág. 292; M. Albaladejo, *Derecho Civil*, 5ta ed., Barcelona, Ed. Bosch, 1980, T. II, Vol. 2, pág. 341.

Conviene señalar, no obstante, algunas observaciones de interés. Santamaría, por ejemplo, recalca que el acreedor particular de un socio puede proceder al embargo y remate del interés de éste en el fondo social, sin tener que esperar (como ocurre en la sociedad mercantil, R. Gay de Montellá, *Código de Comercio Español*, Barcelona, Ed. Bosch, 1936, T. II, pág. 353) a que la sociedad se disuelva. Es precisamente tal acto del acreedor lo que fuerza la disolución de la sociedad. J. Santamaría, *Comentarios al Código Civil*, Madrid, Ed. Revista de Derecho Privado, 1958, T. II, pág. 723. La disolución de la sociedad, debe aclararse, no equivale a su extinción. La entidad social sigue existiendo como persona jurídica hasta que terminen las operaciones liquidatorias. S. 2-1-940, Rep. Jurisp.

Aranzadi, 1; A. de Cossío y Corral, *Instituciones de Derecho Civil*, Madrid, Ed. Alianza, 1975, pág. 442. El inicio de los procedimientos de embargo y remate no significa, sin embargo, el comienzo de una marcha indetenible hacia la liquidación y, finalmente, la extinción. En Derecho español se reconoce la facultad de la sociedad para impedir estas consecuencias mediante el pago de la deuda particular del socio. F. Puig Peña, *Compendio de Derecho Civil Español*, 3ra ed., Madrid, Ed. Pirámide, Vol. IV, pág. 248.

Hemos examinado el derecho en varios otros países de tradición civilista y no hemos hallado ejemplo alguno de exigencia implícita de la excusión de bienes como condición para que el acreedor particular de un socio embargue y remate la parte de éste en el fondo social. Existen códigos que imponen este requisito explícitamente, pero en situaciones análogas a la española ni la doctrina ni la jurisprudencia se han aventurado a crearlo.

En Francia, donde el Código Civil ni siquiera contiene, como apuntamos antes, un artículo análogo al 1699 español, lo que se ha hecho es reconocer en la jurisprudencia, desde temprano en el siglo XIX, el derecho a embargar la cuota de un socio por falta de pago de una deuda privada. París, 2 mai 1811, Sir., 14, 2, 213; París, 13 août 1834, Sir., 34, 2, 674; Aubry et Rau, *Droit Civil Français*, 6ta ed. (par Esmein), París, 1951, T. 6, pág. 47; G. Ripert, *Traité Elémentaire de Droit Commercial*, 4ta ed., París, Pichon & Durand-Auzias, 1959, pág. 341.

En Chile se han expandido las disposiciones del Código Civil por algunos comentaristas para permitir tal embargo. Munita Becerra, *Embargabilidad del derecho social de un socio en una sociedad de personas, por un acreedor personal suyo*, 57 Revista de Derecho, Jurisprudencia y Ciencias Sociales 89 (1960).

El Código Civil italiano de 1942, que unificó el Derecho comercial y civil, provee en su Art. 2270:

*Acreedor Particular del Socio.* Durante la existencia de la sociedad, un acreedor particular de un socio puede hacer valer sus derechos sobre las ganancias pertenecientes a su deudor, y tomar medidas conservativas sobre la participación que a éste corresponda en la liquidación.

Si los bienes del deudor no son suficientes para satisfacer su acreencia, el acreedor particular del socio puede también requerir, en cualquier momento, la liquidación de la participación correspondiente a su deudor. La participación deberá liquidarse dentro de los tres meses siguientes a dicho requerimiento, a menos que se haya decidido disolver la sociedad.

Se ha interpretado que la liquidación de la cuota es el último recurso disponible al acreedor, pues éste debe hacer excusión de otros bienes pertenecientes al deudor y el señalamiento de bienes es responsabilidad del acreedor. Además, como en el caso español, la sociedad puede paralizar la acción del acreedor particular mediante el pago de la deuda. G. Ferri, *Delle Società*, ante, pág. 200.

El nuevo Código Civil portugués de 1966, en su Art. 999, según interpretado por sus redactores principales, sigue básicamente el enfoque italiano. Se exige la excusión, mas la sociedad posee la facultad de satisfacer la deuda privada del socio. F. Andrade Pires de Lima y J. de Matos Antunes Varela, *Código Civil Anotado*, Coímbra, Ed. Coímbra, 1968, Vol. II, págs. 250-251. Véanse también los Arts. 572, 575 y 578 del Código suizo de las Obligaciones, G. Scyboz y P. R. Gilliéron, *Code Civil Suisse et Code des Obligations, annotés*, Lausanne, Ed. Payot, 1972, págs. 219-220.

Si buscamos los valores ocultos debajo de los conceptos se encuentra que la diversidad de enfoques descrita obedece al peso distinto que se asigna en diferentes lugares a los intereses de la sociedad, a los de los acreedores privados de los socios y a los de los socios deudores. En Italia se tiende prácticamente un *cordon sanitaire* alrededor de la sociedad y se asimila la de índole civil a la mercantil. Otros países tratan también de proteger la sociedad, pero

amparando al mismo tiempo a un grado mayor otros intereses. El repaso de lo ocurrido en Puerto Rico ayuda a sopesar estos valores en esta jurisdicción.

En Puerto Rico hemos rehusado borrar toda línea de diferencia entre la sociedad civil y la mercantil. En *Abella Hernández* v. *Tribunal Superior*, 92 D.P.R. 279 (1965), se embargó la participación de un miembro de una sociedad mercantil. Resolvimos que el embargo era nulo por ser aplicable a esta situación el Art. 137 del Código de Comercio y no el 1590 del Código Civil, disposiciones que hemos copiado antes en el texto de esta opinión. Véanse: *Quintana Hns. & Co.* v. *S. Ramírez & Co. et al.*, 22 D.P.R. 761 (1915); *Perales* v. *Sampayo*, 36 D.P.R. 897 (1927). En *Vázquez* v. *H. Sánchez, S. en C.*, 85 D.P.R. 565, 575–576 (1962), aplicamos el Art. 156 del Código de Comercio [2] e impusimos el requisito de excusión de los bienes sociales cuando se demanda a un socio por deuda de la sociedad. En lo que respecta a la sociedad civil, en *Asociación de Propietarios* v. *Santa Bárbara Co.*, 112 D.P.R. 33 (1982), hemos reducido significativamente su radio protector. En *Santa Bárbara Co.* resolvimos, revocando a *J. T. Gibbons, Inc.* v. *Picó Piñán*, 90 D.P.R. 60, 66 (1964), que a los socios les afecta una responsabilidad personal subsidiaria, ilimitada y no solidaria por las deudas sociales cuando el fondo social es insuficiente. Rechazamos allí expresamente la teoría de que, por constituir la sociedad en Puerto Rico una entidad jurídica distinta a los socios, no cabe la responsabilidad personal subsidiaria.

En resumen, la evidencia histórica revela que el Código Civil de Puerto Rico, al igual que el de España, omitió conscientemente el requisito de excusión de otros bienes en

---

[2] El Art. 156 provee:

"Los bienes particulares de los socios colectivos que no se incluyeron en el haber de la sociedad al formarse ésta, no podrán ser ejecutados para el pago de las obligaciones contraídas por ella, sino después de haber hecho excusión del haber social."

el caso del embargo y remate por un acreedor particular de la parte de un miembro de una sociedad civil en el fondo social. Prescindió de ese requisito aun cuando exigió nuestro Código de Comercio la excusión del haber social antes de ejecutar los bienes particulares de los socios para el pago de las deudas de la sociedad mercantil, principio extendido en *Santa Bárbara* a igual situación en la sociedad civil. Estimamos como cuestión de orden público, en ausencia de directriz legislativa en contrario, que la ausencia de excusión por iniciativa del acreedor[3] no coloca a la sociedad civil en una situación de indefensión. Al igual que en España, Italia y Portugal, la sociedad puede asegurar su continuada vida, si así lo desea, mediante el pago al acreedor de la deuda particular del socio. De este modo se logra un adecuado equilibrio entre los legítimos intereses de la sociedad y los de los acreedores, sin imponer a estos últimos la excesiva carga que les corresponde bajo la solución italiana. En lo que toca a los deudores, no hay nada en ley que les prive de pagarle directamente al acreedor, de otros bienes, su deuda particular o hacer arreglos con la sociedad para tales fines. Munita Becerra, *op. cit.*, pág. 101.

Por las razones expuestas contestamos del modo siguiente la primera pregunta certificada por el Tribunal de Apelaciones: *el Código Civil de Puerto Rico no exige que el acreedor particular de un miembro de una sociedad civil haga excusión de otros bienes del deudor antes de embargar y rematar la parte de éste en el fondo social. Esta contestación hace innecesario el examen de la segunda pregunta.*

El Juez Asociado Señor Díaz Cruz emitió un voto disidente. El Juez Asociado Señor Dávila no intervino.

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz.

Disiento de este elaborado criterio que en consecuencia

---

[3] Contrástese con el procedimiento seguido en el caso de la fianza. *Polanco* v. *Goffinet y Portela*, 33 D.P.R. 331 (1924).

última convierte a la sociedad en codeudor solidario en la obligación particular del socio, carente de la determinación expresa de solidaridad que exige el Art. 1090 del Código Civil, 31 L.P.R.A. sec. 3101; y que en armonía con esa conclusión reduce la sociedad al remedio reservado a deudores solidarios: pagar para preservar su vida (Art. 1098 del Código Civil). *Cf. Muriente* v. *Terrasa et al.*, 22 D.P.R. 738, 744 *in fine* y ss. (1915).

El acreedor personal del socio debe hacer excusión de los bienes de su deudor particular antes de embargar el fondo social, trátese de sociedad de naturaleza mercantil o civil. Si existen tales bienes personales del deudor, la sociedad debe estar protegida de una acción que promueve su disolución con todo el impacto económico que ésta conlleva en el ordenado esquema de la estructura social. Si el acreedor puede cobrar su débito de bienes no comprendidos en el capital de la sociedad, a esa única acción debe limitar su ejecutoria, sin extenderla a la perturbación y disloque de los intereses de personas que ningún vínculo tienen con él. Simplemente, no veo razón alguna para que el acreedor que puede realizar su crédito en bienes de su deudor, tenga la opción adicional de envolver en la ejecución a terceros ajenos por completo a la deuda reclamada. Considerando que el acreedor, al constituirse la obligación, tuvo entera libertad para imponer la garantía y seguridad de cumplimiento, el balance equitativo o justo equilibrio de intereses rechaza el mejoramiento de esa garantía a costa de la sociedad y de los socios ajenos al negocio jurídico. Más que bastante alivio o favor se le extiende a quien no supo o no quiso proteger su acreencia, permitiendo su irrupción en la sociedad después de excusión improductiva.

Ambas interrogantes de la Corte de Apelaciones del Primer Circuito deben, por tanto, tener una contestación *afirmativa.*